**Gary BAUMGARDNER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 5, 1985.

William D. Wharton, Fayette County Legal Aid, Inc., Lexington, for appellant.

David L. Armstrong, Atty. Gen., Paul E. Reilender, Jr., Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, HOWERTON and LESTER, JJ.

COMBS, Judge.

This is an appeal from a judgment of the Fayette Circuit Court revoking probation.

In 1979, following appellant's plea of guilty, he was sentenced to five years' imprisonment. This sentence was probated for five years. While on probation, he was charged with receiving stolen property. On March 7, 1984, he was acquitted by jury verdict. The following day, Judge Mitchell Meade ordered a revocation hearing to be held, and the defendant remanded to custody with no bond allowed. At the hearing, the Judge stated that he disagreed with the jury's verdict on the receiving stolen property offense and entered final judgment revoking probation. The only ground stated was "... that the defendant has violat-

ed the terms of his probation by being convicted in the Fayette Circuit Court."

The Commonwealth, by its brief, has readily admitted that there are insufficient facts in the record to revoke appellant's probation. Our own examination of the record reveals other violations of appellant's rights to due process under the laws of this Commonwealth as stated in *Murphy v. Commonwealth*, Ky.App., 551 S.W.2d 838 (1977). Citing *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Judge Lester wrote, in part, as follows:

> [Appellee's] constitutional rights are protected when revocation is being considered if (1) a written notice of claimed violations ... are served, (2) a disclosure of the evidence to be used is made, (3) an opportunity is granted to be heard in person, present witnesses and documentary evidence, (4) confrontation and cross-examination of witnesses is afforded (unless a specific finding for good cause is made to the contrary), (5) a neutral detached hearing body conducts the procedure, and (6) a written statement is made by the fact-finder(s) as to the evidence relied upon and the reasons for revoking parole. We see no distinction between probation and parole because *Gagnon* deals with the former, while *Morrissey* the latter.

Our review of the record would indicate that two, if not three, of these grounds have been violated. First, the appellant did not receive notice of the claimed violations of probation. Second, the trial court did not prepare a written statement regarding the evidence relied on and the reasons for revoking probation. The judgment revoking probation states that the appellant was convicted in the Fayette Circuit Court, but the only evidence presented at the hearing was that appellant had been acquitted of the charge against him. Third, the appellant was denied due process because the probation hearing was not held before a neutral and detached hearing body. Judge Meade presided over both cases, and he immediately responded to the acquittal by issuing the order for the revocation hear-

ing. It would appear from the transcript that this hearing was a mere formality.

For these reasons, the judgment of the Fayette Circuit Court is reversed.

HOWERTON, J., concurs.

LESTER, J., concurs by separate opinion.

LESTER, Judge, concurring.

I agree with the majority, but I believe several comments should be made for clarification purposes.

*Murphy, supra,* alluded to by my Brother Combs, does rely upon the two United States Supreme Court cases referred to therein. However, I wish to emphasize that there is one distinction made in the *Murphy* opinion as between the procedural steps before an administrative officer and a court of competent jurisdiction to the effect:

> The Supreme Court was speaking in the terms of a procedure before an independent administrative officer (not a parole officer nor necessarily a judicial officer) to determine if there is probable cause or reasonable ground to believe that an act has been committed constituting violation of conditions of probation, while the second hearing must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation. We do not believe the foregoing procedure would apply where a court of competent jurisdiction, such as the Mason Circuit Court, conducted the appropriate inquiry.

As to the second point, I would not be ready to agree to an inference that the same circuit judge could not preside over the trial of the substantive offense and the revocation hearing as well. Even though there may be extenuating circumstances requiring another jurist, I would not be disposed to establish a rule or policy whereby a second judge would be a requirement for probation revocation proceedings.