**Jesse MESSER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

**No. 87–CA–1188–MR.**

Court of Appeals of Kentucky.

June 10, 1988.

Discretionary Review Denied
by Supreme Court
Aug. 30, 1988.

Michael M. Losavio, Appellate Public Advocate, Louisville, for appellant.

David L. Armstrong, Atty. Gen., Carol C. Ullerich, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, McDONALD and REYNOLDS, JJ.

HAYES, Judge:

In this appeal we consider whether the Due Process Clause of the Fourteenth Amendment to the United States Constitution was violated because: (1) of the manner in which the notice of the motion for revocation of probation was given to appellant; (2) proper findings were not made; (3) appellant's inability to pay costs and restitution was not shown; and (4) evidence of violations of probation were insufficient.

In July, 1986 appellant received two one-year sentences which were probated for five years. As a condition for probation, the appellant, among other things, was to: (1) refrain from violating the law in any respect; (2) pay court costs within sixty days; and (3) make restitution of $900.00 to the victim at the rate of $50.00 per month.

In its motion to revoke, the Commonwealth contended the appellant had violated about all the conditions of probation, particularly the ones listed above. Some eight months after being probated, he was arrested for breaking and entering a grocery store.

All during the time from his first being placed on probation to the present, appellant has been represented by the local office of Public Advocacy. The record indicates there are two attorneys in that local office, Honorable Warren Taylor and Honorable Danny Rose. Taylor represented appellant in July, 1986. Rose represented him at the revocation hearing in May, 1987.

■ The written notice of the grounds for the proposed revocation of probation, required by KRS 533.050(2), was the motion to revoke which was served upon appellant's counsel, Taylor, and not on appellant.

■ The service of the motion to revoke, as notice to the appellant, is troublesome in view of the case law, *Lynch v. Commonwealth*, Ky.App., 610 S.W.2d 902 (1980); *Baumgardner v. Commonwealth*, Ky. App., 687 S.W.2d 560 (1985); *Keith v. Commonwealth*, Ky.App., 689 S.W.2d 613 (1985); and *Rasdon v. Commonwealth*, Ky.App., 701 S.W.2d 716 (1986). The other issues raised by the appellant are of no consequence because: (1) there was ample evidence of appellant's participation in a crime, burglary, while on probation, and (2) it is clear from the record that most of the revocation hearing concerned the commission of the burglary by the appellant and not his failure to pay court costs or restitution. In fact, the trial judge made extra mention in his findings, which were adequate, of appellant's criminal activity while on probation. The trial court was within its right to revoke on this criminal activity alone, without regards to the court costs or restitution, even assuming the appellant to be correct in his interpretation of the law in respect to those two factors. In other words, whether the trial court revoked upon one violation or three is of no consequence to the appellant so long as the evidence supports at least one violation.

At first glance, all of the above cited authority seems to hold that service of notice of a motion to revoke probation must be upon appellant and not his or her counsel. Indeed, the appellant here argues that failure to serve him personally is reversible error per se in accordance with the cites cases above. We disagree.

In *Lynch, supra,* this Court was considering a denial of an RCr 11.42 motion to set aside a previous order of the trial court which revoked probation without notice to the defendant. It is apparent from the facts stated in the opinion that the defendant, Lynch, was not even represented at the revocation hearing by counsel and therefore service of notice on his prior counsel could logically be determined improper. It could easily be concluded that Lynch had no notice at all until he appeared without counsel for the hearing from the county jail.

In the present case, Messer's prior attorney, Taylor, obviously gave the Commonwealth's motion to revoke, which contained the grounds for revocation, to his office mate who did appear on more than one occasion for appellant and obtained at least two continuances for the appellant. This attorney then appeared with appellant at the hearing. Never at any time before this appeal did Messer or his attorney state to

the trial court that service of the motion to revoke was improper or that appellant was unaware of the grounds for revocation.

The other cases cited above follow *Lynch.* In *Baumgardner, supra,* no written notice was served on anyone before the court revoked his probation. In *Keith, supra,* the decision was based on the merits. There was no evidence that the defendant had violated his probation. Having so held, this Court acknowledged that the issue of lack of service of notice on appellant was moot.

In *Rasdon, supra,* we reversed the trial court because the revocation of Rasdon's conditional discharge was based upon grounds not stated in the written notice. Obviously this case was reversed for lack of proper notice because of the contents of the notice, not upon how or when the notice was served.

We do agree that service of the notice of intention to revoke which indicates the grounds therefore is to be served upon the party and not his attorney, especially if the representation by the attorney of record has been in a different concluded litigation as noted in *Guthrie v. Guthrie,* Ky., 429 S.W.2d 32 (1968). However, the purpose of service upon the party is to make that person aware of the proceedings instituted or about to be initiated against him or her. It seems clear that the purpose for the rule disappears or has been satisfied when the party appears with knowledge of the proceedings and participates or is given an opportunity to participate, does not even give the trial court the opportunity to correct any defect in the notice and only complains after his probation has been revoked and the case is on appeal. CR 12.08(1), made applicable here by RCr 13.04, states in part: "A defense of jurisdiction over the person, ... insufficiency of process, or insufficiency of service of process is waived" if, in effect, it is not brought to the court's attention by motion or pleading. Obviously, if Messer had notified the trial court of the service upon his attorney instead of him personally, the trial court could have corrected the error before proceeding further. The appellant cannot now be heard to complain.

The judgement is affirmed.

All concur.