Donald Ray LUCAS, Jr., Appellant

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2007–CA–000321–MR.

Court of Appeals of Kentucky.

July 18, 2008.

Roy Alyette Durham, II Assistant Public Advocate Department of Public Advocacy Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky Joshua D. Farley, Assistant Attorney General, Frankfort, KY, for appellee.

Before CAPERTON, LAMBERT, and THOMPSON, Judges.

*OPINION*

THOMPSON, Judge:

Donald Ray Lucas, Jr. appeals the Hardin Circuit Court's revocation of his probation. For the reasons stated herein, we affirm.

On February 26, 2003, Lucas, pursuant to a plea agreement, pled guilty to theft by unlawful taking over $300, five counts of complicity to commit second-degree criminal possession of a forged instrument, complicity to commit second-degree burglary, receiving stolen property under $300, complicity to commit first-degree criminal mischief, and for being a persistent felony offender in the second degree.

On April 1, 2003, the Hardin Circuit Court imposed a split sentence, and Lucas was sentenced to fifteen years' imprisonment. After service of five years in prison, Lucas' sentence would be probated for ten years. After satisfying the service of the five-year sentence, Lucas was placed on probation under the supervision of Probation Officer Ed Wall.

On June 6, 2006, Lucas appeared for a probation revocation hearing arising from his violent behavior while residing at the Deliverance House in Louisville, Kentucky. Although finding that Lucas had violated his probation, the trial court continued his probation but imposed some additional conditions. In order to provide better supervision, Lucas was ordered to show proof of his prescription medications, proof of his doctor's appointments, take all of his prescribed medication, and to refrain from any further violent behavior. Ten days later, he was court-ordered into the Reducing Serious Violence Partnership Program (RSVP).

On November 28, 2006, Lucas was again before the trial court for a probation revocation hearing due to conduct related to his stay at the Next Step Center in Louisville. During the hearing, Larry Pilcher, the Executive Director of the Center, testified that Lucas and a food services employee engaged in a heated argument regarding the amount of food that Lucas could receive while he resided at the Center. The argument ended with Lucas demanding two cases of food and stating, "You'll give me the food or else!"

Thereafter, Pilcher and Lucas had a conversation regarding the incident and the general operation of the facility. After being informed about the limitations of food distribution, Lucas loudly vocalized his lack of confidence in Pilcher's effectiveness as director and his unhappiness at the facility. Pilcher then informed Lucas that he would not tolerate Lucas' behavior and that he should leave the facility. Lucas began cursing loudly at which time he was informed that he was being discharged from the facility.

Ed Wall testified that he was informed of Lucas' discharge on November 9, 2006. From his office located two blocks from the Center, he immediately began looking for Lucas but did not find him. After unsuccessfully attempting to contact Lucas for over a week, Lucas was contacted by telephone and agreed to come to the probation office where he was arrested.

Wall further testified that Lucas failed to provide him information regarding his doctor's appointments. He also testified that Lucas was forcibly removed by U.S. Marshals from a federal courthouse after he became aggressive and made threatening statements. Wall also stated that Lucas violated his probation by failing to inform the probation office where he was living after being discharged from the Center.

At the conclusion of the hearing, the trial court advised that this was not the first time Lucas faced the revocation of his probation. The trial court stated that Lucas needed a highly structured program to ensure that he was taking his medication for mental illness. Although observing that Lucas had not been physically violent, the trial court voiced concern with his violent and threatening behavior at the Next Step Center. Expressing frustration with Lucas' failure to comply with his probationary conditions and doubting that continued probation would be successful, the trial court revoked Lucas' probation. This appeal followed.

 The appellate standard of review of a decision to revoke a defendant's probation is whether or not the trial court abused its discretion. *Tiryung v. Commonwealth*, 717 S.W.2d 503, 504 (Ky.App. 1986). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.1999). Generally, a trial court's decision revoking probation is not an abuse of discretion if there is evidence to support at

least one probation violation. *Messer v. Commonwealth*, 754 S.W.2d 872, 873 (Ky. App.1988).

 Lucas contends that the trial court erred when it failed to properly consider the appropriateness of less severe alternatives short of revoking his probation. Specifically, Lucas contends that the trial court should have ordered him into an inpatient mental health hospital rather than revoking his probation. He further contends that the trial court's recognition of his mental health problems should have established the need for him to receive specialized assistance from a mental health facility. We disagree.

The trial court's decision to revoke Lucas' probation was not an abuse of discretion. The evidence established that Lucas violated several conditions of his probation. The trial court's order specifically noted that Lucas failed to provide documentation regarding his medication, failed to refrain from violent behavior, failed to comply with the Reducing Serious Violence Program, and had engaged in multiple acts of disorderly conduct.

Lucas' contention that the trial court failed to consider less severe alternatives rather than revoking his probation is not supported by the record. The record is clear that the trial court attempted to impose conditions to help Lucas make personal improvements and remain out of prison. Unfortunately, for whatever reason, Lucas was unable to comply with the conditions of his probation despite having been provided with an adequate opportunity to succeed. Accordingly, the trial court did not abuse its discretion by revoking Lucas' probation.

For the foregoing reasons, the Hardin Circuit Court's order revoking Lucas' probation is affirmed.

ALL CONCUR.