Amadou MBAYE, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2009–CA–001134–MR.

Court of Appeals of Kentucky.

Oct. 12, 2012.

As Modified Oct. 26, 2012.

Steven Buck, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Joshua D. Farley, Assistant Attorney General, Frankfort, KY, for appellee.

Before KELLER, LAMBERT, and TAYLOR, Judges.

*OPINION*

KELLER, Judge:

This matter is before us on remand from the Supreme Court of Kentucky for further consideration in light of *Commonwealth v. Marshall*, 345 S.W.3d 822 (Ky. 2011). After careful review, we vacate and remand to the trial court for proceedings consistent with *Marshall*.

## FACTS

The pertinent facts of this case, as previously set forth by this Court, are as follows:

Mbaye entered a plea of guilty to three counts of theft by deception over $300 and a misdemeanor charge of theft by deception under $300. By the trial court's order of August 15, 2005, he was sentenced to serve four years on each felony charge with those sentences to run concurrently for a total sentence of four years. That sentence was then probated for a period of four years.

Some of the conditions of his probation required Mbaye to pay court costs of $151.00, pay restitution to the victim in the amount of $1,350.00 and maintain suitable employment. He admitted he failed to fulfill any of those obligations

and the trial court revoked his probation and ordered the four year sentence served on June 4, 2009.

*Mbaye v. Commonwealth*, 2009–CA–001134–MR, 2010 WL 4669000 (Ky.App. Nov. 19, 2010).

Mbaye appealed from the order of the Boone Circuit Court revoking his probation. On appeal to this Court, he argued that, based on his indigence, it was error for the trial court to revoke his probation because of his failure to meet financial obligations. In its initial opinion, this Court noted that, because Mbaye was indigent, "the trial court should not have imposed fines or courts costs in the original sentence or the terms of probation." The parties do not dispute the correctness of that holding.

However, this Court concluded that "[t]he trial court did not abuse its discretion when it revoked Mbaye's probation for failure to maintain suitable employment as well as for failure to pay court ordered restitution." The Supreme Court of Kentucky subsequently granted discretionary review and remanded the case to this Court for further consideration in light of *Commonwealth v. Marshall*, 345 S.W.3d 822 (Ky.2011).

## STANDARD OF REVIEW

As set forth in *Lucas v. Commonwealth*, 258 S.W.3d 806, 807–08 (Ky.App.2008):

The appellate standard of review of a decision to revoke a defendant's probation is whether or not the trial court abused its discretion. *Tiryung v. Commonwealth*, 717 S.W.2d 503, 504 (Ky. App.1986). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.1999). Generally, a

trial court's decision revoking probation is not an abuse of discretion if there is evidence to support at least one probation violation. *Messer v. Commonwealth*, 754 S.W.2d 872, 873 (Ky.App. 1988).

## ANALYSIS

Relying on *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), the Supreme Court of Kentucky in *Marshall* noted that, when considering revocation for failure to pay fines and restitution, the trial court must consider:

(1) whether the probationer made sufficient bona fide attempts to make payments but [had] been unable to do so through no fault of his own and, if so, (2) whether alternatives to imprisonment might suffice to serve interests in punishment and deterrence.

345 S.W.3d at 828. The Court in *Marshall* concluded that the *Bearden* due process requirements also apply to motions for probation revocation for failure to comply with conditions requiring payment of child support.

The *Marshall* Court further noted that the *Bearden* requirements apply regardless of whether the payment conditions were imposed by the trial court or whether the defendant agreed to these conditions as part of a plea agreement. Additionally, the Court concluded that:

The trial court must specifically identify the evidence it relies upon in making these determinations on the record, as well as the specific reason(s) for revoking probation on the record. Although ... such findings do not necessarily have to be in writing, we hold that the trial court must make such findings specifically on the record. It is not enough that an appellate court might find some evidence in the record to support *a* rea-

son for revoking probation by reviewing the whole record. Stating "general conclusory reasons" for revoking probation is not enough, ....

*Id.* at 833–34.

The Commonwealth concedes that the trial court must complete a *Bearden* analysis before revoking a defendant's probation or conditional discharge for failure to pay fines and restitution, and that it must make findings on the record. The Commonwealth also concedes that such findings were not made in the instant case. However, the Commonwealth argues that the trial court properly revoked Mbaye's probation for failure to maintain employment. In support of its argument, the Commonwealth cites to *Messer v. Commonwealth*, 754 S.W.2d 872, 873 (Ky.App. 1988), wherein this Court stated that "whether the trial court revoked upon one violation or three is of no consequence to the appellant so long as the evidence supports at least one violation." Thus, the Commonwealth argues that, because *Marshall* and *Bearden* do not apply to Mbaye's admission that he failed to maintain employment, the trial court properly revoked Mbaye's probation for failure to maintain employment. We disagree.

As noted above, the United States Supreme Court held in *Bearden* that, when a defendant fails to pay restitution, the issue before the court does not simply involve the failure to make payment; it also involves the question of whether that failure is willful. A court should not sentence a "petitioner to imprisonment simply because he could not pay the fine, without considering the reasons for the inability to pay...." 461 U.S. at 674, 103 S.Ct. at 2074.

We believe that the Supreme Court's holding in *Bearden*, by logical extension, applies to the failure to find and/or

maintain employment. In this case, we discern no substantive difference between Mbaye's failure to pay restitution and his failure to find and/or maintain employment. The issue underlying both is the same—whether Mbaye's failure was through no fault of his own. Therefore, as with the failure to make restitution or to pay child support, the trial court must consider whether Mbaye's failure to find and/or maintain employment was willful. Holding otherwise would result in an illogical elevation of form over substance.

■ Having concluded that *Bearden* and *Marshall* apply to the instant case, we address whether the trial court made sufficient findings as set forth in those cases. At the revocation hearing, Mbaye admitted that he had not made the payments as scheduled and that he had not found employment. Mbaye explained that he was from the country of Mauritania, and that he was not able to maintain suitable employment because he lost his passport. He argued that this prohibits him from legally working in the United States. In its order revoking probation, the trial court noted that:

> [T]here is a substantial risk that the Defendant will re-offend and to continue probation would unduly depreciate the seriousness of the Defendant's crime and that the Defendant needs correctional treatment that can best be provided by committing him to a correctional institution and that imprisonment is necessary for the protection of the public.

We note that the trial court did afford Mbaye an opportunity to present evidence to explain his failure to make the required payments and maintain employment. However, the trial court did not make adequate findings on the record whether Mbaye had made sufficient bona fide efforts to make restitution payments and maintain employment but was unable to do

so through no fault of his own. *See Marshall*, 345 S.W.3d at 833. Although it appears that the trial court addressed whether alternative forms of punishment would suffice to accomplish the Commonwealth's punishment and deterrence objectives, it could not make that determination before addressing whether Mbaye made a sufficient bona fide effort to make payments and maintain employment. *Id.* Therefore, we conclude that the trial court abused its discretion in revoking Mbaye's probation. Thus, we vacate the trial court's order revoking Mbaye's probation and remand.

On remand, the trial court is directed to find whether Mbaye made a sufficient bona fide effort to pay restitution and maintain employment but was unable to do so through no fault of his own. If so, the trial court must determine whether alternative punishments would accomplish the Commonwealth's punishment and deterrence objectives. "The trial court must specifically identify the evidence it relies upon in making these determinations on the record, as well as the specific reason(s) for revoking probation on the record...." *Marshall*, 345 S.W.3d at 833–34. Further, as set forth in *Marshall*, "[i]t is entirely appropriate for the trial court to consider [Mbaye's] agreement to payment conditions under the plea agreement and [Mbaye's] representation that he could make such payments when entering his guilty plea and to focus on post-plea financial changes to the extent possible." *Id.* at 834.

Finally, we note that the trial court may very well reach the same result and that remanding this for additional findings may appear to be an inconsequential use of judicial time and effort. However, we are constrained to follow *Bearden* and *Marshall*, as is the trial court. Rule of the Supreme Court 1.030(8)(a).

## CONCLUSION

Due to the lack of specific findings required by *Marshall* and *Bearden*, we vacate the order of the Boone Circuit Court revoking Mbaye's probation and remand the matter to the trial court for further proceedings consistent with *Marshall*, *Bearden*, and this opinion.

ALL CONCUR.