RENDERED: MAY 28, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1032-MR

RANDALL BUFORD                                        APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE
ACTION NO. 17-CR-002936-001


COMMONWEALTH OF KENTUCKY                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; K. THOMPSON AND L. THOMPSON, JUDGES.

CLAYTON, CHIEF JUDGE: Randall Buford appeals from the Jefferson Circuit

Court's decision to revoke his probation and impose an eleven-year sentence.

Based upon our review of the record and applicable law, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 2, 2017, Buford was driving a vehicle with another individual as his passenger. Buford struck another vehicle occupied by a family of four and did not stop his vehicle. The driver of the vehicle that was struck followed Buford to obtain his license plate number. Buford ultimately stopped his vehicle and his passenger fired an AR-15 assault rifle into the other vehicle. All four members of the family, including two young children, were injured.

The Jefferson County grand jury indicted Buford for four counts of attempted murder, four counts of assault in the first degree, and one count of failure to stop and render aid. On September 7, 2018, Buford entered an *Alford*[1] plea to four amended counts of facilitation to commit assault in the first degree and the one count of failure to stop and render aid. The remaining charges were dismissed in exchange for his plea.

On October 30, 2018, the circuit court accepted Buford's plea. In its judgment of conviction and sentence, the circuit court noted that Buford had been released to the home incarceration program pending his sentencing but disappeared soon after. He thereafter pled guilty to one count of escape in the second degree and one count of tampering with a prisoner monitoring device and received a one-year sentence. Further, the Commonwealth revoked its previous offer of an eight-

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

year sentence and the circuit court ultimately sentenced Buford to eleven years' imprisonment.

On May 15, 2019, Buford filed a motion for shock probation. The circuit court granted the motion and placed Buford on probation for a period of five years. The conditions of Buford's probation required that he not commit another offense, avoid injurious or vicious habits, avoid persons or places of disreputable or harmful character, maintain suitable employment, report to his probation officer as directed, promptly notify his probation officer of any change in address, and complete the day reporting center ("DRC") program.

On August 8, 2019, Buford filed a motion for bond reduction, stating in such motion that while he was in custody in Kentucky, he received a bench warrant from a pending Indiana case for theft of an automobile that predated the Kentucky indictment. The motion indicated that Buford could not begin DRC because of the Indiana hold and requested that the court release him to the custody of Indiana on the condition that once his case there was resolved or the warrant was lifted he would report to the jail to begin the DRC program. The circuit court entered an order releasing Buford on his own recognizance on August 12, 2019, to resolve the Indiana case.

Buford was later referred to Our Lady of Peace to complete an intensive outpatient program ("IOP") and then participate in the DRC program.

On September 27, 2019, the Commonwealth moved to revoke Buford's probation. As grounds for the motion, the Commonwealth attached a special supervision report prepared by Buford's probation officer. The officer stated that Buford had failed to report as directed, failed to begin treatment with IOP, and absconded from supervision. Based on the special supervision report, on October 10, 2019, the circuit court issued an arrest warrant.

On January 24, 2020, Buford was arrested in Indiana and charged with identity deception – a felony – as well as falsely informing or hindering the law enforcement process. Buford was also served with the outstanding probation violation warrant and transferred to the custody of the Louisville Metro Department of Corrections ("LMDC"). While in the LMDC's custody, on April 20, 2020, Buford was charged with tampering with physical evidence, first-degree promoting contraband, and possession of marijuana when he was found with a bundle of marijuana wrapped in a sock in his waistband.

The circuit court held a revocation hearing on July 14, 2020. Samantha Stone, Buford's probation officer, testified on behalf of the Commonwealth and Buford testified on his own behalf. Officer Stone detailed Buford's numerous probation violations, as well as his commission of multiple new offenses, three of which were felonies and three of which occurred while he was in custody. Officer Stone also testified that Buford lied about his home

address and did not have permission to be in Indiana. Buford did not dispute the violations, but blamed them on his lack of transportation, housing, and a cell phone. Buford admitted that at some point he "quit trying to report" and conceded that he was able to find transportation to Indiana where he also committed new offenses.

At the conclusion of the hearing, the circuit court revoked Buford's probation and offered a lengthy explanation for its decision:

> Well, let me explain the standard by which I am supposed to make this decision and there are two things I have to decide. Number one, can you be rehabilitated in a community setting, which would translate to your ears, as not in prison or not in jail. And B, are you likely to commit a new offense if you're out?
>
> The challenge here is that if I ever had a case where the paper record screams out at me "he's going to commit another offense?" In your case – I normally say unless we have you behind bars – you found a way to get in trouble even being in custody. And I find myself sometimes saying to people "you know if we let him out he's going to," like you're asking me, it's an opportunity to get in trouble. You find ways to get in trouble even when you're in custody. But I digress. You also got in trouble over in Indiana.
>
> And then secondly are you likely to re-offend, well you found a way to get charged with felony offenses on two occasions since you were probated less than a year ago, shock probated less than a year ago. So, by all objective standards you have a miserable record for the two things that I am supposed to use to make this decision. The two criteria by which I am to make that assessment.

. . . .

I have literally played every card I have been given to try to help you through this and at this point I feel like I need to grant the motion to revoke you. And hope that your mother hangs tough with you and for you and that when you see the parole board that they see fit to let you go to Kansas and try to start your life over again. But I am greatly concerned that right now you simply don't have the tools.

. . . .

So I am sorry, but I have to grant this motion.

The circuit court entered a written revocation order on July 16, 2020, imposing Buford's original eleven-year sentence. This appeal followed.

## ANALYSIS

A trial court has discretion in probation revocation matters but must exercise its discretion "consistent with statutory criteria." *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014). Specifically, before revoking probation a trial court must make two findings under Kentucky Revised Statutes (KRS) 439.3106(1): (1) whether the alleged probation violation "constitutes a significant risk to prior victims of the supervised individual or the community at large" and (2) whether the defendant "cannot be appropriately managed in the community[.]" Further:

KRS 439.3106 permits, but does not require, a trial court to employ lesser sanctions[.] The elective language of the statute as a whole creates an alternative employed and

imposed at the discretion of the trial court—discretion the Supreme Court insisted the trial court retained in light of the new statute. Nothing in the statute or in the Supreme Court's interpretation of it *requires* the trial court to impose lesser sanctions prior to revoking probation.

*McClure v. Commonwealth*, 457 S.W.3d 728, 732 (Ky. App. 2015) (emphasis in original) (citation omitted).

We review a trial court's revocation decision for abuse of discretion. *Andrews*, 448 S.W.3d at 780. An abuse of discretion occurs when a trial court's decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

Buford argues that the circuit court abused its discretion in revoking his probation because the revocation order lacked the required statutory findings. The specific findings of fact addressing the statutory criteria of KRS 439.3106(1) may be either written or oral. *Lainhart v. Commonwealth*, 534 S.W.3d 234, 238 (Ky. App. 2017). Further, in *Commonwealth v. Gilmore*, the Supreme Court of Kentucky stated:

[E]ven though the statute requires a trial court to consider whether a probationer's failure to abide by a condition poses a significant risk to prior victims or the community at large, neither KRS 439.3106 nor *Andrews* require anything more than a finding to this effect supported by the evidence of record.

587 S.W.3d 627, 631 (Ky. 2019). Therefore, a trial court is not required to provide explanations for the statutory findings; instead, it must only make the findings, which must be "supported by the evidence of record." *McClure*, 457 S.W.3d at 733.

In this case, the circuit court discussed the statutory language contained in KRS 439.3106(1) as applied to this specific case. The circuit court indicated to Buford that it was required to consider whether he could be rehabilitated in a community setting and whether he was likely to commit a new offense if he was out of custody. The circuit court went on to find that Buford had a "miserable" record for both, and such finding was supported by the evidence of record.

In this case, not only did Buford abscond from supervision, he committed five new offenses, three of which were felonies. Buford's arrest on any one of the five offenses alone was evidence that he posed a risk to the community and that he could not be effectively managed there. Particularly, in *Lucas v. Commonwealth*, a separate panel of this Court stated that "[g]enerally, a trial court's decision revoking probation is not an abuse of discretion if there is evidence to support at least one probation violation." 258 S.W.3d 806, 807-08 (Ky. App. 2008) (citing *Messer v. Commonwealth*, 754 S.W.2d 872, 873 (Ky. App. 1988)). Moreover, three of Buford's five new offenses occurred while he was in

custody, indicating both a risk to the community and an inability to be managed in the community.

Additionally, Buford argues that a sanction, not revocation, was appropriate. As previously discussed, however, "[n]othing in [KRS 439.3106(1)] or in the Supreme Court's interpretation of it *requires* the trial court to impose lesser sanctions prior to revoking probation." *McClure*, 457 S.W.3d at 732 (emphasis in original). The purpose of KRS 439.3106 is to avoid incarcerating probationers for minor violations. *Andrews*, 448 S.W.3d at 779 (citation omitted). Buford's missteps do not qualify as "minor violations." The circuit court properly exercised its discretion consistent with KRS 439.3106(1) and *Andrews*, and no abuse of discretion occurred.

## CONCLUSION

For the foregoing reasons, the probation revocation order entered by the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Christopher B. Thurman
Assistant Appellate Defender
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Aspen Roberts
Assistant Attorney General
Frankfort, Kentucky