RENDERED: FEBRUARY 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0968-MR

SAMUAL AUSTIN MILLER                                        APPELLANT

v.                  APPEAL FROM CHRISTIAN CIRCUIT COURT
                    HONORABLE JOHN L. ATKINS, JUDGE
                    ACTION NO. 14-CR-00590

COMMONWEALTH OF KENTUCKY                                    APPELLEE

AND

NO. 2021-CA-1220-MR

SAMUAL AUSTIN MILLER                                        APPELLANT

v.                  APPEAL FROM CHRISTIAN CIRCUIT COURT
                    HONORABLE JOHN L. ATKINS, JUDGE
                    ACTION NO. 14-CR-00590

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
VACATING AND
REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Samual Austin Miller appeals from a July 15, 2021, order of the Christian Circuit Court revoking his shock probation and sentencing him to thirteen-years' incarceration pursuant to the terms of his original plea agreement with the Commonwealth.[1] For the reasons stated, we vacate and remand.

On August 17, 2016, Miller entered into a plea agreement with the Commonwealth. In exchange for truthful testimony against his co-defendants, the Commonwealth agreed to amend certain charges and not oppose a motion for shock probation after Miller served an additional year of incarceration from the date of the plea agreement. In all, Miller agreed to thirteen-years' incarceration for complicity to wanton endangerment, complicity to tampering with physical evidence, and distribution of matter portraying sexual performance by a minor.

On July 31, 2017, Miller filed a motion for shock probation. The motion was granted by Order on Motion for Shock Probation entered August 8,

---

[1] The original Notice of Appeal was filed on August 13, 2021 (Appeal No. 2021-CA-0968-MR). Prior to filing the Notice of Appeal, Samual Austin Miller filed a motion to reconsider the July 15, 2021, order. That motion was subsequently denied by order entered on September 15, 2021, and that order was appealed on October 12, 2021 (Appeal No. 2021-CA-1220-MR). The two appeals were consolidated by Order of this Court entered October 20, 2021.

2017, which probated the remainder of Miller's sentence for a period of five years. The order, in pertinent part, states the conditions of Miller's probation as follows:

> Not commit another offense; report to probation officer as directed; permit the probation officer to visit the defendant at home or elsewhere; answer all reasonable inquiries by the probation officer and promptly notify the probation officer of any changes in address or employment; avoid injurious or vicious habits; avoid persons or places of disreputable or harmful character; support dependents and meet other family responsibilities; pay the costs; remain within the area set by probation officer; work faithfully at suitable employment as far as possible; make reparation or restitution to [left blank] in the amount of $[left blank], for damages or loss caused by the defendant, said sum shall be payable [left blank] (plus 5% service fee added to each payment); enroll in substance abuse treatment as follows: [left blank]; support dependents and meet other family responsibilities; pay the cost of the proceeding herein as set by the court; remain within the area set by the probation officer; community service work as follows (list agency, manner, terms and conditions) until employed fulltime: [left blank]; alternative sentence as follows: This order is consistent with the terms of the plea agreement signed by the parties.

Record at p. 551.

The record before us indicates Miller had no probation violations until May 2021, when the Commonwealth filed a motion to revoke probation. Attached to the motion was a Notice of Preliminary Hearing from the Department of Corrections, Division of Probation and Parole, indicating Miller had been arrested for a new misdemeanor offense of driving under the influence on April 21, 2021.

He was also charged with speeding; driving too fast for traffic conditions; and no/expired registration plates. The revocation hearing was continued until July 14, 2021. In the interim, on June 13, 2021, Miller was again pulled over for vehicle exhaust and playing loud music. He was also cited for failure to produce proof of insurance. There was also an open bottle of Hennessey Cognac in plain view of the police officer for which he was cited. Shortly thereafter, Miller submitted to a urine analysis at the request of his probation officer, Megan Goss, which tested positive for alcohol. At that point, Miller admitted to Ms. Goss he had been drinking due to family problems. Ms. Goss arranged for him to be evaluated by a social services clinician, who recommended Miller attend an alcohol treatment program for at least ninety days.

At the time of the revocation hearing in July 2021, Miller's misdemeanor and traffic offenses were still pending in district court. Miller did stipulate at the hearing to failing the urine analysis for alcohol. Ms. Goss testified that Miller had no probation violations prior to his DUI arrest in April of 2021. She also testified he had steady employment, had started his own business, and reported to her as required. Ms. Goss recommended Miller as a good candidate for an inpatient alcohol treatment program who would benefit therefrom. Miller's girlfriend testified the cognac bottle found in Miller's vehicle was always empty and belonged to her. She stated she intended to make a candle holder from the

-4-

bottle.  Miller also testified at the hearing.  Although he refused to testify regarding the pending DUI charges, he did admit to drinking alcohol on several occasions after the DUI arrest and admitted he told Ms. Goss he had a problem with alcohol.

The circuit court revoked Miller's probation.  The written order made the following findings of fact and conclusions of law:

> The defendant, **Samual Miller**, did, in fact violate the terms of probation in that he has subsequently used alcohol and this conduct creates a significant community risk that prevents appropriate community management. KRS [Kentucky Revised Statutes] 439.3106(1).
>
> Based upon the above and considering the defendant's failure to benefit from previous Probation, **IT IS HEREBY ORDERED,** that the judgment previously imposed herein shall be forthwith carried out and the probation previously granted is **HEREBY REVOKED**.
>
> No sufficient cause having been shown why judgment should not be pronounced, it is **ADJUDGED BY THE COURT** that the defendant is guilty of the following charges: use of alcohol (2 counts) and is sentenced to imprisonment for a maximum term of 13 years.

Record at p. 568.

On appeal, Miller argues the circuit court abused its discretion in revoking his probation.  Our standard of review for probation revocation rulings below is for an abuse of discretion.  *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (internal quotation marks and citations omitted) ("Under our abuse

discretion standard of review, we will disturb a ruling only upon finding that the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."). The lower court's decision must be within the range of permissible decisions allowed by the application of the facts to the law. *McClure v. Commonwealth*, 457 S.W.3d 728, 730 (Ky. App. 2015).

The circuit court revoked Miller's probation for "use of alcohol (2 counts)." However, based on our review of the record, including the plea agreement and the order granting shock probation, the nonuse of alcohol does not appear to be listed as a condition of Miller's probation.[2] "Due process requires, among other things, notice or fair warning of what conduct might result in revocation." *United States v. Twitty*, 44 F.3d 410, 412 (6th Cir. 1995) (citations omitted); *Wilfong v. Commonwealth*, 175 S.W.3d 84, 95 (Ky. App. 2004). The circuit court heard evidence that Miller had a pending DUI case and other traffic offenses, as well as Miller's admitted use of alcohol on occasions separate from the DUI. However, the circuit court did not state which evidence it relied on in revoking Miller's probation. *See Baumgardner v. Commonwealth*, 687 S.W.2d 560, 561 (Ky. App. 1985). If the circuit court relied solely on the evidence related to Miller's admitted use of alcohol and his positive urine analysis, we cannot

---

[2] Courts in Kentucky speak only through written orders entered on the court's official record. *Midland Guardian Acceptance Corp. of Cincinnati, Ohio v. Britt*, 439 S.W.2d 313, 314 (Ky. 1968).

ascertain how this conduct violated Miller's conditions of probation as stated in the Order on Motion for Shock Probation entered August 8, 2017.

Kentucky Revised Statutes (KRS) 533.030(1) provides, in relevant part, that a court shall "provide as an explicit condition of every sentence to probation or conditional discharge that the defendant not commit another offense during the period for which the sentence remains subject to revocation." KRS 533.030(2) lists other conditions of probation that a court may impose "in addition to any other reasonable condition." KRS 533.030(2)(l) permits a court to impose, in relevant part, the condition that a defendant "[s]ubmit to periodic testing for the use of controlled substances or alcohol, if the defendant's record indicates a controlled substance or alcohol problem." There is nothing in the record before this Court to indicate Miller had an alcohol problem at the time of entry of his plea in 2017, and the underlying crimes were unrelated to alcohol consumption by Miller. The portion of the Order granting shock probation that addressed substance abuse treatment was left blank by the circuit court. Although the circuit court had authority to order abstention under KRS 533.030(2), the order granting shock probation does not specifically list abstention from alcohol as a condition of Miller's probation.

Due to the circuit court's failure to state what evidence it relied on in revoking Miller's probation, we do not know to what extent, if any, it relied on

Miller's pending misdemeanor and traffic charges to reach its decision. We acknowledge that:

> An individual's probation may be revoked any time before the expiration of the probationary period when the trial court is satisfied by a preponderance of the evidence presented in a revocation hearing that the probationer violated a condition of probation. **Although new charges may form the basis for revocation proceedings, a conviction on those charges is not necessary in order to revoke probation.**

*Barker v. Commonwealth*, 379 S.W.3d 116, 123 (Ky. 2012) (emphasis added).

Further, a probationer is "required to answer all reasonable questions related to compliance with the conditions of probation that do not tend to incriminate them in a future criminal prosecution." *Id.* at 128. As previously stated, Miller did not testify regarding the DUI charge at the revocation hearing. However, Miller did admit that he violated his probation by using alcohol although neither party has cited to this Court where in the record below this probation condition can be found. Miller also testified that the open cognac bottle found in his car was empty and belonged to his girlfriend for a craft project. And, the ultimate disposition of the DUI and traffic offenses does not appear in the record before the Court.

The evidence introduced at the revocation hearing supported the circuit court's finding that Miller used alcohol. However, the nonuse of alcohol alone does not appear to be a specific condition of Miller's probation. Although

Ms. Goss testified that Miller had been arrested and charged with a DUI, and had an open alcohol container in his vehicle on a subsequent stop, there was no other evidence admitted regarding those charges except for Miller's denial of having an open container during the second traffic stop. The circuit court had authority under KRS 533.020(1) to modify Miller's probation to include abstention from alcohol or referral to an alcohol treatment program as suggested by Ms. Goss; however, the court did neither. Rather, the court revoked Miller's probation.

Based on the foregoing, we conclude the circuit court's findings of fact were not sufficient to revoke Miller's probation based on the evidentiary record in this case. Similarly, the court's findings did not satisfy the requirements of KRS 439.3106, as argued by Miller on appeal. KRS 439.3106(1) provides that supervised individuals shall be subject to:

> (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or

> (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

The Kentucky Supreme Court has explained that "KRS 439.3106(1) requires trial courts to consider whether a probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community at large, and whether the probationer cannot be managed in the community before probation may be revoked." *Andrews*, 448 S.W.3d at 780. As this Court has previously stated, "the General Assembly intended the task of considering and making findings regarding the two factors of KRS 439.3106(1) to serve as the analytical precursor to a trial court's ultimate decision: whether revocation or a lesser sanction is appropriate." *McClure*, 457 S.W.3d at 732. By directing the trial court to make such a determination, "the legislature furthers the objectives of the graduated sanctions schema to ensure that probationers are not being incarcerated for minor probation violations." *Andrews*, 448 S.W.3d at 779.

The circuit court failed to make sufficient factual findings under KRS 439.3106 for this Court to adequately review the court's compliance with the statute, including whether Miller's conduct posed a significant community risk that could not be appropriately managed in the community, as required by KRS 439.3106(1) and *Andrews*, 448 S.W.3d 773.

Accordingly, for the foregoing reasons, we vacate the Christian Circuit Court's July 15, 2021, Order Revoking Shock Probation and Judgment and remand for the circuit court to conduct another revocation hearing and make

appropriate findings in accordance with applicable law and consistent with this

Opinion.

    ALL CONCUR.

BRIEFS FOR APPELLANT:

Jennifer Wade
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Frankfort, Kentucky