RENDERED: MARCH 15, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1479-MR

ALLAN WIDDIFIELD　　　　　　　　　　　　　　　　　　　APPELLANT

v.　　　　　　APPEAL FROM HANCOCK CIRCUIT COURT
　　　　　　HONORABLE THOMAS O. CASTLEN, JUDGE
　　　　　　ACTION NO. 12-CR-00040

COMMONWEALTH OF KENTUCKY　　　　　　　　　　　　　　APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, JONES, AND MCNEILL, JUDGES.

JONES, JUDGE:  Allan Widdifield ("Widdifield") appeals from the Hancock

Circuit Court's order entered on December 16, 2022,[1] which denied his motion for

relief based on the argument that his right to due process of law was violated, and

---

[1] Widdifield's notice of appeal states he is appealing the order entered November 28, 2022.  The unsigned calendar order was reduced to a written order entered on December 16, 2022.  The November 28, 2022 order relates forward to the order entered on December 16, 2022.  *See Wright v. Ecolab, Inc.*, 461 S.W.3d 753, 759 (Ky. 2015).

that he was entitled to relief pursuant to CR[2] 60.02(e) and (f), and CR 60.03.  We affirm.

## I.    BACKGROUND

In 2013, a jury found Widdifield guilty of manufacturing methamphetamine (firearm enhanced),[3] first-degree drug trafficking in a controlled substance (firearm enhanced),[4] unlawful possession of anhydrous ammonia in an unapproved container with intent to manufacture methamphetamine,[5] and possession of drug paraphernalia (firearm enhanced).[6]  Widdifield received sentences of twenty, fifteen, twelve, and two years, to run concurrently for a total of twenty years' imprisonment.

On March 9, 2022, Widdifield filed a motion to enforce an Agreed Order entered on November 18, 2013, which directed that all computers and electronics seized from his property during the investigation into his crimes be released to him.  On September 9, 2022, Widdifield also filed a motion pursuant to CR 60.02(e) and (f) and CR 60.03 alleging that he is factually innocent.  In

---

[2] Kentucky Rules of Civil Procedure.

[3] Kentucky Revised Statute ("KRS") 218A.1432.

[4] KRS 218A.1412.

[5] KRS 250.991.

[6] KRS 218A.010.

support, Widdifield argues he was erroneously found guilty under KRS 250.991(2) because he never "possessed" anhydrous ammonia. The trial court held a hearing on November 28, 2022, and subsequently denied the CR 60.02 and 60.03 motion as untimely, contradicted by the evidence at trial, and not based in fact. This appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's decision on a CR 60.02 motion under an abuse of discretion standard. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). "The burden of proof in a CR 60.02 proceeding falls squarely on the movant to affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *Foley v. Commonwealth*, 425 S.W.3d 880, 885 (Ky. 2014) (internal quotation marks and citations omitted). We will affirm the trial court's decision unless there is some "flagrant miscarriage of justice." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983). CR 60.02 does not provide movants another avenue to pursue claims that should have been raised in prior proceedings. *Sanders v. Commonwealth*, 339 S.W.3d 427, 437 (Ky. 2011).

## III.  ANALYSIS

Since his conviction, Widdifield has filed multiple post-conviction motions.[7] He now argues he never possessed anhydrous ammonia for the purposes of KRS 250.991(2), and that his due process rights were violated because he was not given notice of the November 28, 2022, hearing and was prohibited from cross-examining witnesses.[8]

A movant must bring a CR 60.02 motion within a reasonable time. "What constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court." *Gross*, 648 S.W.2d at 858.  A motion filed more than twenty years post trial has been determined to be untimely under CR 60.02.  *Foley*, 425 S.W.3d at 884. Further, this Court has affirmed the denial of a motion pursuant to CR 60.02 that was filed five years post-conviction based on untimeliness.  *Gross*, 648 S.W.2d at 858.  It has been more than ten years since Widdifield's conviction; the trial court therefore did not err when it determined Widdifield's motion was untimely.

---

[7] A detailed summary of Widdifield's previous motions was outlined by this Court in *Widdifield v. Commonwealth*, No. 2021-CA-0133-MR, 2022 WL 17365880, at *1-3 (Ky. App. Dec. 2, 2022).

[8] Widdifield also argues that a bill of particulars listing the names of all the officers involved in the seizure of his property should be produced and that the statute of limitations for any real/personal property forfeiture has run.  However, this Court will not address those arguments as they were not presented to the trial court.  *Commonwealth v. Steadman*, 411 S.W.3d 717, 724 (Ky. 2013).

Furthermore, "our rules of civil procedure do not permit successive motions or the relitigation of issues which could have been raised in prior proceedings." *Stoker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky. App. 2009) (citation omitted). In his CR 60.02 motion, Widdifield alleges that he did not physically possess anhydrous ammonia for the purposes of KRS 250.991(2) because no anhydrous ammonia was found on his property. However, this issue could have been raised in his initial Kentucky Rules of Criminal Procedure 11.42 motion or in his previous CR 60.02 motions. Thus, the trial court did not abuse its discretion when it denied Widdifield's request for relief.

Even assuming *arguendo* that the motion was procedurally proper, Widdifield's remaining arguments fail on their merits. Widdifield alleges he had no notice of the November 28, 2022 hearing and that he was prohibited from cross-examining witnesses during the hearing. He also argues he can be seen physically moving his hands to get the judge's attention, indicating that he would like to cross-examine the witnesses, but his mobility was restricted due to his handcuffs.

First, Widdifield claims he provided documentation proving he was not given notice of the November 28, 2022 hearing. Widdifield attached an inmate grievance form to his brief regarding his not receiving his mail while in jail. However, the record shows that Widdifield attended the hearing on November 28, 2022, with documents – the lists of items that were seized from his property and

the November 18, 2013 Agreed Order which states that all electronics seized from Widdifield's property are to be released to him. Video Record ("VR") 1:26:26. Thus, Widdifield was prepared for the hearing on November 28, 2022 and given the opportunity to present evidence. *See Messer v. Commonwealth*, 754 S.W.2d 872, 874 (Ky. App. 1988) ("The purpose of service upon the party is to make that person aware of the proceedings instituted or about to be initiated against him or her. It seems clear that the purpose for the rule disappears or has been satisfied when the party appears with knowledge of the proceedings and participates or is given an opportunity to participate, does not even give the trial court the opportunity to correct any defect in the notice and only complains after his probation has been revoked and the case is on appeal."). We conclude Widdifield had sufficient notice of the hearing.

Next, Widdifield argues that his due process rights were violated when he was not provided the opportunity to cross-examine any witnesses during the November 28, 2022 hearing. Asserting that he physically waved his hand-cuffed hands, attempting to signal to the judge, Widdifield argues he indicated to the judge that he would like to cross-examine the witnesses. However, the video record shows that Widdifield, who was *pro se*, was given the chance to cross-examine the witnesses if he so wished. VR 1:55:25; VR 1:59:31; VR 2:04:01. Specifically, after being asked by the judge if he had anything to say, Widdifield

took the opportunity to counter the testimony from Dale Bozarth and Aaron Emmick that the seized items at issue were placed inside of a black computer bag and to argue that the items were still missing. VR 1:55:25. Widdifield was again afforded an opportunity to cross-examine the witnesses, or to call them as adverse witnesses, when the trial court asked him a second time if he had anything further to add. VR 1:59:31. Widdifield then attempted to counter Officer Aaron Emmick's testimony. Officer Emmick testified that item 11 on the evidence log, a Blackberry phone, was picked up by James Jones who had presented sufficient evidence that the phone was his property. VR 2:00:15-2:00:55. Widdifield stated that the phone was his wife's and should be returned to Widdifield or his wife. VR 1:59:31-2:00:15. Having carefully reviewed the record, we conclude Widdifield was given a full and fair opportunity to cross-examine the witnesses presented at the November 28, 2022 hearing, or to present witnesses on his own behalf or as if on cross, and instead chose to rely on his own arguments before the trial court. Consequently, Widdifield's due process rights were not violated.

Finally, Widdifield's claim under CR 60.03 must also fail:

> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. ***Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule***.

CR 60.03 (emphasis added).

The plain language of CR 60.03 requires a separate, independent action, which Widdifield did not file. Moreover, because his argument is based upon the same core grounds that failed to satisfy CR 60.02, he is not entitled to relief under CR 60.03; *Foley*, 425 S.W.3d at 888.

## IV. CONCLUSION

For the foregoing reasons, we affirm the November 28, 2022 order of the Hancock Circuit Court denying Appellant relief.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Allan Widdifield, *pro se*
Fredonia, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky