RENDERED: APRIL 11, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0317-MR

JOSE CASTILLO-HERRERA　　　　　　　　　　　　　　　APPELLANT


APPEAL FROM CARROLL CIRCUIT COURT
v.　　　　　HONORABLE REBECCA LESLIE KNIGHT, JUDGE
ACTION NO. 21-CR-00034


COMMONWEALTH OF KENTUCKY　　　　　　　　　　　APPELLEE


<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE: EASTON, L. JONES, AND McNEILL, JUDGES.

EASTON, JUDGE: The Appellant, Jose Castillo-Herrera ("Castillo-Herrera"),
appeals from an order of the Carroll Circuit Court revoking his probation.
Castillo-Herrera argues the circuit court abused its discretion by revoking his
probation without considering graduated sanctions. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On September 12, 2020, Castillo-Herrera was driving under the
influence of alcohol. His blood test showed a level of .161. He had his scared and

crying seven-year-old son with him. The child was not restrained by a seat belt. Castillo-Herrera was stopped by police only after causing damage to a local cemetery as a result of his impaired driving.

To the understandable frustration of the trial court, this case has had nineteen court appearances. Assigned counsel changed several times with continuances to schedule interpreters and to assess deportation consequences. Castillo-Herrera is an illegal immigrant who does not speak English.

Eventually, in October 2022, Castillo-Herrera pled guilty to first-degree wanton endangerment relating to his son, second-degree criminal mischief, driving under the influence ("DUI"), and some other violations, such as not having insurance. On the felony charge, he was sentenced to five years, probated for five years.

In December 2023, the Commonwealth filed a motion to revoke Castillo-Herrera's probation. Castillo-Herrera did not deny his probation violations based on his new arrest. Castillo-Herrera was charged by the Carrollton Police Department with another DUI, no operator's license, failure to produce an insurance card, disregarding a stop sign, careless driving, improperly being on the left side of the road, and no registration.

First, the circuit court properly denied another continuance for this case stating that deportation consequences were not part of the circuit court's

assessment of how to address the violations, although unavailability of a defendant may make sanctions less than revocation unworkable. Obviously, Castillo-Herrera had not been deported despite his felony conviction, and any eventual action by the federal government was beyond the control of the circuit court. The consequences of so-called "automatic" deportation had been properly explained to Castillo-Herrera when he entered his guilty plea.

Castillo-Herrera's counsel then argued that Castillo-Herrera had an alcohol problem, and that he should be allowed to attend treatment instead of having his probation revoked. Counsel stated that Castillo-Herrera had been compliant with pretrial conditions in this case and had just not yet had a chance to engage in treatment in the year plus since he had been placed on probation. Our review of the many court appearances indicates that Castillo-Herrera had not always reported as required while on pretrial release.

The circuit judge explained Castillo-Herrera had violated his probation, which had originated from a DUI charge with endangerment to a child, when he once again operated a motor vehicle while drinking alcohol. The court's written Order Revoking Probation found Castillo-Herrera's failure to comply with the conditions of probation constituted a "significant risk to the community at large" and that he could not be "appropriately managed in the community." The

court then revoked his probation and imposed his five-year sentence. This appeal follows.

## STANDARD OF REVIEW

"The appellate standard of review of a decision to revoke a defendant's probation is whether the trial court abused its discretion." *Blankenship v. Commonwealth*, 494 S.W.3d 506, 508 (Ky. App. 2015) (citing *Lucas v. Commonwealth,* 258 S.W.3d 806, 807 (Ky. App. 2008)). The trial court abuses its discretion when its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Upon review, an appellate court will not consider a trial court's decision to be an abuse of discretion "unless its decision cannot be located within the range of permissible decisions allowed by a correct application of the facts to the law." *Blankenship*, *supra*, at 508 (citing *Miller v. Eldridge*, 146 S.W.3d 909, 915 (Ky. 2004)).

## ANALYSIS

Castillo-Herrera argues the circuit court erred when it revoked his probation without consideration of graduated sanctions as statutorily required. Yet Castillo-Herrera admits at page six of his Brief "that the trial court was not required to consider graduated sanctions." Still, he contends the circuit court

abused its discretion because "[o]nly one sanction was considered in the case – full revocation and the imposition of five years of incarceration."

"Without question, the power to revoke probation is vested in the trial courts and in the trial courts alone." *Commonwealth v. Andrews*, 448 S.W.3d 773, 777 (Ky. 2014) (citing KRS[1] 533.010 *et seq.*). KRS 439.3106, the statute that sets forth the potential consequences following a probation violation, reads in part:

> (1) Supervised individuals shall be subject to:
>
>> (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
>>
>> (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

In *Andrews*, *supra*, the Kentucky Supreme Court confirmed the applicability of KRS 439.3106 to probation violations. "If a supervised individual violates the terms of probation, there are two possible outcomes: revocation and possible incarceration, KRS 439.3106(1), or the imposition of sanctions 'other than

---

[1] Kentucky Revised Statutes.

revocation,' KRS 439.3106(2)." *Id.* at 777 (footnote omitted). The court noted the revocation of probation requires findings "that the probationer's failure to comply with the terms of probation constitutes 'a significant risk to [his] prior victims . . . or the community at large,' and that the probationer 'cannot be appropriately managed in the community.'" *Id.* In *Gilmore v. Commonwealth*, 587 S.W.3d 627, 630 (Ky. 2019), the Supreme Court clarified that "[t]hese findings can be either oral or written to satisfy both KRS 439.3106(1) and the defendant's due process rights."

The written Order Revoking Probation stated Castillo-Herrera's failure to comply with the conditions of his probation constituted a "significant risk to the community at large" and that he could not be "appropriately managed in the community." At the revocation hearing, defense counsel had argued Castillo-Herrera should be sent to long-term treatment instead of having his probation revoked. The circuit judge heard this argument and rejected it. As Castillo-Herrera concedes, trial courts are not required to employ graduated sanctions – instead, the courts may consider sanctions as an alternative, but ultimately the law requires only sufficient findings if the decision to revoke is made. *See McClure v. Commonwealth*, 457 S.W.3d 728 (Ky. App. 2015).

We note the practice of some judges to state why they have rejected graduated sanctions, which may be beneficial for the trial court in its assessment of

when such sanctions could be preferable.  This may also assist in appellate review.  But, so long as the judge explains that probation is being revoked and makes the requisite findings to justify that decision, no comment on graduated sanctions is necessary.

The circuit judge made an oral finding that "the underlying charge here is wanton endangerment and criminal mischief, two counts, and [in the new charges] you are driving under the influence again with no operator's license, or anything else."  She found Castillo-Herrera's new DUI charge, while under probation for that exact offense, made him "unable to be managed in the community" and a "serious threat to the community."  The combined oral and written findings by the judge were sufficient to support her decision to revoke Castillo-Herrera's probation.

We note that the history of this case smacks of the use of court proceedings as an instrument of delay to avoid deportation consequences.  Even though non-citizens have the constitutional right to an appeal under the Kentucky Constitution, this does not mean that an appeal having no substantive merit may be filed for the sole purpose of causing delay.

**CONCLUSION**

The circuit court did not abuse its discretion under KRS 439.3106 by revoking Castillo-Herrera's probation in lieu of graduated sanctions. The judgment of the Carroll Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Kayla D. Deatherage
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky