Shawn MILLER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2009–CA–002027–MR.

Court of Appeals of Kentucky.

Dec. 10, 2010.

Robert Yang, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General, Joshua D. Farley, Assistant Attorney General, Frankfort, KY, for appellee.

Before TAYLOR, Chief Judge; LAMBERT, Judge; HENRY,[1] Senior Judge.

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Jus-

*OPINION*

LAMBERT, Judge:

Shawn Miller appeals from an order of the Madison Circuit Court revoking his probation. For the following reasons, we affirm.

On May 20, 2009, Miller pled guilty to driving a motor vehicle while license suspended for driving under the influence, third offense. He received a three-year sentence that was set aside for a three-year probationary period. On June 29, 2009, approximately a month after Miller was probated, the Commonwealth moved to revoke his probation on the grounds that he violated the terms and conditions of his probation. The trial court conducted a hearing on September 17, 2009. During this hearing, the Commonwealth presented proof that Miller was probated on May 20, 2009, and within one month was arrested for trafficking in marijuana.

Miller stated to the court that he was charged with trafficking in marijuana, had entered a plea of guilty to the new charge, and stipulated to the violation. Miller stated that he knew he had "done wrong" but asked for another chance because he had a child on the way. The trial court then stated, "[t]hat's not the problem. The problem is that you committed an offense within one month of being out [on probation]." The trial court then explained that Miller had committed an offense equally bad or worse than his initial offense within one month of being probated and, accordingly, the trial court was revoking his probation. The trial court issued a brief order revoking Miller's probation, which did not make specific findings of fact supporting the decision to re-

voke probation. Miller now appeals as a matter of right.

On appeal, Miller contends that the trial court violated his due process rights by revoking his probation. In particular, he argues that the trial court was required to set forth a written statement for the grounds for revocation as set forth in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and KRS 533.050(2).

The Commonwealth counters that the trial court properly exercised its discretion in revoking Miller's probation and that the court's findings were sufficient pursuant to *Commonwealth v. Alleman,* 306 S.W.3d 484 (Ky.2010). As stated herein, we agree with the Commonwealth and thus affirm the trial court.

 Probation revocation hearings "must be conducted in accordance with minimum requirements of due process of law." *Rasdon v. Commonwealth,* 701 S.W.2d 716, 718 (Ky.App.1986) (citing *Gagnon, supra* ). KRS 533.050(2) provides that "the court may not revoke or modify the conditions of a sentence of probation or conditional discharge except after a hearing with defendant represented by counsel and following a written notice of the grounds for revocation or modification."

 "Probation revocation is not dependent upon a probationer's conviction of a criminal offense." *Commonwealth v. Lopez,* 292 S.W.3d 878, 881 (Ky.2009) (internal citations omitted). "Instead, the Commonwealth need only prove by a preponderance of the evidence that a probationer has violated the terms of probation." *Id.* (citing *Rasdon,* 701 S.W.2d at 719). The appellate standard of review of a decision to revoke a defendant's proba-

tice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised

Statutes (KRS) 21.580.

tion is whether the trial court abused its discretion. *Lopez*, 292 S.W.3d at 881.

 In the instant case, in accordance with KRS 533.050(2), the trial court gave notice of and conducted a probation revocation hearing, at which Miller and his counsel were present and were afforded an opportunity to be heard and cross-examine any witnesses. However, Miller argues that the trial court's written findings are lacking because they did not set forth the specific grounds for revocation. In *Alleman*, 306 S.W.3d at 484–85, the Kentucky Supreme Court held:

> We conclude that oral findings and reasons for revocation as stated by the trial court from the bench at the conclusion of a revocation hearing satisfy a probationer's due process rights, presuming the findings and reasons support the revocation, when they are preserved by a reliable means sufficiently complete to allow the parties and reviewing courts to determine the facts relied on and the reasons for revoking probation.

Similarly, in the case at bar the trial court's oral findings and reasons for revoking Miller's probation provided a reliable means for meaningful review by this and other courts. Miller openly admitted he was guilty of trafficking marijuana and, thus, the trial court did not need to enumerate the specific factual allegations supporting the charge. The trial court did not abuse its discretion in revoking Miller's probation one month after his initial sentence, when he openly admitted before the court that he committed another offense, and no constitutional violations occurred.

Therefore, based on the foregoing, we hereby affirm the September 21, 2009, order of the Madison Circuit Court setting aside Miller's sentence of probation and imposing a sentence of imprisonment.

HENRY, Senior Judge, concurs.

TAYLOR, Chief Judge, concurs in result only.