**Leslie SOUTHWOOD, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2011–CA–001277–MR.**

Court of Appeals of Kentucky.

July 20, 2012.

Melissa C. Howard, Jackson, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Julie Scott Jernigan, Assistant Attorney General, Frankfort, KY, for appellee.

Before ACREE, Chief Judge; CLAYTON and DIXON, Judges.

## OPINION

CLAYTON, Judge:

This is an appeal of a decision of the Breathitt Circuit Court denying the Appellant, Leslie Southwood's, motion to alter, amend, or vacate the order revoking probation. Southwood alleges that, though the court determined that the nature of the pending charges were such as to create a risk to the public and the community, the court failed to determine whether he could appropriately be managed in the community pursuant to Kentucky Revised Statutes (KRS) 439.3106.

## FACTS

Following the mediation of his case, Southwood pled guilty to the charge of arson in the second degree on November 25, 2008, in Breathitt Circuit Court. Approximately one month later he was sentenced to a term of twenty years, probated for five years. (Record on Appeal, hereafter ROA 39–42) (Appellant's Brief at 1). Additional conditions imposed on Southwood's probation included that he remain in the area of supervision within Breathitt County and that he commit no new offense while on probation. On May 8, 2011, Southwood was arrested in Perry County and charged with possession of a controlled substance in the first degree, carrying a concealed deadly weapon, and operating a motor vehicle while under the influence. On June 10, 2011, the Commonwealth sought revocation of his probation. The only witness was the probation officer. He testified that other than a medical emergency involving a dog bite wound to Southwood's hand, he knew of no other reason for a trip outside of the county. However, this medical emergency had occurred prior to May 8.

Upon conducting the revocation hearing, the court was made aware of pending charges against Southwood in Breathitt District Court for assaulting his mother. The court was also advised, albeit indirectly, that he was somehow involved in, but was not facing charges for, a shooting incident involving his brother. (Appellee's Brief at 1). During a probation revocation hearing, the trial court revoked Southwood's probation and imposed his original twenty-year sentence.

Southwood then filed a motion to alter, amend or vacate the order pursuant to KRS 439.3106, a statute that had been enacted on June 8, 2011, two days before the revocation hearing. The defense attorney argued that the relevant provision of the statute required:

Supervised individuals shall be subject to:

(1) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, *and cannot be appropriately managed in the community*[. Emphasis added].

The court determined that the very nature of the charges in Perry County were sufficient as a basis for revoking Southwood's probation and denial of the motion. Southwood now argues that the trial court failed to utilize the new standard, and erred in revoking his probation without any evidence as to whether he could be appropriately managed in the community. The present appeal follows.

## STANDARD OF REVIEW

"The appellate standard of review of a decision to revoke a defendant's probation is whether or not the trial court abused its discretion." *Lucas v. Commonwealth*, 258 S.W.3d 806, 807 (Ky.App.2008), citing *Tiryung v. Commonwealth*, 717 S.W.2d 503, 504 (Ky.App.1986). To amount to an abuse of discretion, the trial court's decision must be "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Clark v. Commonwealth*, 223 S.W.3d 90, 95 (Ky.2007), quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.1999). *See also Sexton v. Sexton*, 125 S.W.3d 258, 272 (Ky.2004) (footnote omitted). Absent a "flagrant miscarriage of justice," the trial court will be affirmed. *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky.1983). "Generally, a trial court's decision revoking probation is not an abuse of discretion if there is evidence to support at least one probation violation." *Lucas v. Commonwealth*, 258 S.W.3d 806, 807–08 (Ky.App.2008), citing *Messer v. Commonwealth*, 754 S.W.2d 872, 873 (Ky.App.1988). We review this matter with this standard in mind.

## ANALYSIS

It is not disputed that Southwood was in another county, outside the perimeters of the supervised area, and that he was charged with possession of a controlled substance in the first degree, carrying a concealed deadly weapon and driving under the influence while in Perry County. Notwithstanding previous discussion between the Appellant and his probation officer concerning a medical emergency which may have necessitated a trip outside Breathitt County, there is no evidence in the record that Southwood's trip to Perry County was in any way related to a medical emergency.

Further, Southwood does not dispute that there was probable cause to revoke his probation, but rather, relies on the contention that the trial court failed to make the determination of whether he could be "appropriately managed in the community" pursuant to KRS 439.3106(1). As the trial court stated, "the nature of the pending charges ... create[s] a risk to the public and the community." The court did not specifically state whether Southwood could be appropriately managed in the community.

However, our inquiry does not end there. The language of KRS 439.3106(2) states:

> Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

The trial judge stated on the record that he was concerned about the pending charges in Perry County—specifically, carrying a concealed deadly weapon—given that Southwood was a convicted felon. The court expressed its concern about the nature and risk of Southwood's alleged criminal behavior.

The statutory language of KRS 439.3106 does not require the court to make specific findings of fact. Second, as illustrated in *Commonwealth v. Alleman*, 306 S.W.3d 484, 488 (Ky.2010), cited in Appellant's brief and as applicable to the instant case:

> [T]he trial court made an oral statement from the bench at the conclusion of the revocation hearing that provided the reason and findings for revoking probation. At the hearing, the Commonwealth presented evidence and testimony that Appellee absconded from probation supervision and Appellee pre-

sented no countervailing evidence.... Thus, the recording of the probation revocation hearing in this matter provides an adequate record of the reasons for revocation and the evidence in support thereof. Further, the reasons given by the trial court to support the revocation order provide sufficient grounds to revoke Appellee's probation.

In the present case, the trial court made a determination based on the pending charges as support for the revocation order. The trial court determined that there was not any other sanction short of revocation and incarceration that would be ap-propriate. The court's decision was consistent with KRS 439.3106.

Therefore, based on the foregoing, we hereby affirm the June 27, 2011, order of the Breathitt Circuit Court setting aside Southwood's sentence of probation and imposing a sentence of imprisonment.

ALL CONCUR.