**Kenneth KALETCH, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2012–CA–000268–MR.**

Court of Appeals of Kentucky.

March 15, 2013.

Karen Shuff Maurer, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, James C. Shackelford, Assistant Attorney General, Frankfort, KY, for appellee.

Before CLAYTON, LAMBERT, and MOORE, Judges.

*OPINION*

MOORE, Judge:

Kenneth Kaletch appeals the McCracken Circuit Court's order revoking his probation. After a careful review of the record, we affirm because Kaletch's double jeopardy rights were not violated, KRS 439.3107 is inapplicable, and there was no palpable error regarding his KRS 439.3106 claim.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Kaletch was indicted on one count of the use/possession of drug paraphernalia, first offense; one count of first-degree possession of a controlled substance—cocaine, second offense; and one count of being a second-degree persistent felony offender (PFO–2nd). The Commonwealth provided an offer on a plea of guilty, which stated that if Kaletch entered guilty pleas to the drug paraphernalia and possession of a controlled substance charges, then the Commonwealth would dismiss the PFO–2nd charge, and would recommend a sentence of twelve months for the drug paraphernalia charge and a sentence of seven years for the possession of a controlled substance charge. Kaletch moved to enter a guilty plea in accord with the Commonwealth's offer on a plea of guilty.

A plea hearing was held, and the court accepted his guilty plea. The PFO–2nd charge was dismissed. A subsequent sentencing hearing was held, and following that hearing, the court entered its final judgment sentencing Kaletch to twelve months of imprisonment for his conviction for the use/possession of drug paraphernalia, first offense, and to seven years of imprisonment for his conviction for first-degree possession of a controlled substance, cocaine, second offense. The sentences were ordered to run concurrently to each other for a total sentence of seven years of imprisonment, but they were ordered to run consecutively to all other sentences. The court then ordered that imposition of Kaletch's sentence was withheld and sentenced Kaletch to a period of five years of probation.

Less than one year after sentencing, the Commonwealth moved for the issuance of a bench warrant against Kaletch, asking that he be "arrested to show cause why his probation should not be revoked" based upon the report of Kaletch's probation officer, which stated that he had tested positive for "use of a controlled substance, cocaine, on December 14, 2011 and December 19, 2011." A bench warrant was issued for Kaletch's arrest for the purpose of having him show cause why his probation should not be revoked.

A probation revocation hearing was held, during which Kaletch's probation officer, Michelle Alexander, testified that he had completed the CenterPoint Recovery Center program in June 2011, when he graduated from the program. After he tested positive for cocaine use on December 14, 2011, Ms. Alexander referred him to a social services clinician for additional treatment consideration. When he met with the social services clinician on December 19, 2011, he again tested positive for cocaine use and admitted the same. Because he had been through four treatment programs, Kaletch had exhausted all of the possible treatment options, so the social services clinician recommended that he attend ninety Narcotics Anonymous meetings in ninety days.

Kaletch's counsel argued during the probation revocation hearing that the court should consider graduated sanctions pursuant to KRS[1] 439.3107 and KRS 439.3108.[2] Upon further questioning from the court, the probation officer stated that the referral to the social services clinician was a sanction and the further recommendation for him to attend ninety meetings in ninety days was another sanction, but that both were based upon his first failed drug test of December 14, 2011. Kaletch's counsel argued that he had already been sanctioned, and that revocation of his probation would constitute a double jeopardy violation. However, the court ordered Kaletch's probation revoked based upon his second failed drug test on December 19, 2011.

Kaletch now appeals, contending that: (a) his double jeopardy rights were violated when the circuit court revoked his probation after he was sanctioned by the social services clinician; and (b) the circuit court abused its discretion when it failed to consider graduated sanctions as required by KRS 439.3106 and KRS 439.3107.

## II. ANALYSIS

### A. DOUBLE JEOPARDY AND PROBATION REVOCATION

■ Kaletch first alleges that his double jeopardy rights were violated when the circuit court revoked his probation after he was sanctioned by the social services clinician. We review a circuit court's decision revoking a defendant's probation for an abuse of discretion. *See Miller v. Commonwealth*, 329 S.W.3d 358, 359–60 (Ky. App.2010).

> Probation revocation hearings must be conducted in accordance with minimum requirements of due process of law. KRS 533.050(2) provides that the court may not revoke or modify the conditions of a sentence of probation or conditional discharge except after a hearing with defendant represented by counsel and following a written notice of the grounds for revocation or modification.
>
> Probation revocation is not dependent upon a probationer's conviction of a criminal offense. Instead, the Commonwealth need only prove by a preponderance of the evidence that a probationer has violated the terms of probation.

*Miller*, 329 S.W.3d at 359 (internal quotation marks and citations omitted).

■ We first note that the testimony presented during Kaletch's probation revocation hearing revealed that his "sanctions"[3] of meeting with the social services clinician and being ordered by the clinician to attend ninety Narcotics Anonymous meetings in ninety days was for his initial drug use probation violation that occurred on or about December 14, 2011. This is why the circuit court specified that his probation revocation was based upon his second drug use probation violation, which occurred on or about December 19, 2011, for which he had not been sanctioned. Thus, there could not be a double jeopardy violation because he was sanctioned for a

---

1. Kentucky Revised Statute.

2. Kaletch does not raise a claim under KRS 439.3108 in the present appeal. Accordingly, any claim under that statute is waived. *See Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 815 (Ky.2004).

3. Although Kaletch's probation officer referred to these as "sanctions," we fail to see any punitive aspect to requiring Kaletch to meet with the social services clinician, who then tried to help Kaletch get treatment for his cocaine addiction by requiring him to attend the Narcotics Anonymous meetings. Narcotics Anonymous meetings are intended to be helpful and beneficial; therefore, we fail to see how they are a punitive sanction.

separate violation than the violation for which his probation was revoked.

■■■ Regardless, both the Kentucky Supreme Court and the United States Supreme Court have held that the Double Jeopardy Clause does not apply to probation revocation proceedings. Specifically, the Kentucky Supreme Court has held:

> Double jeopardy does not apply to parole or probation revocation proceedings because the threat of a negative parole board finding does not rise to the level of being "put in jeopardy" in the Constitutional sense. In other words, a parole or probation hearing simply is not the equivalent of a criminal prosecution because a conviction could not flow from such a proceeding.

*Thompson v. Commonwealth,* 147 S.W.3d 22, 54 (Ky.2004), *superseded on other grounds by statute as stated in Jackson v. Commonwealth,* 363 S.W.3d 11 (Ky.2012) (footnotes omitted). Additionally, the United States Supreme Court has held:

> The Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be. Congress has established many types of criminal sanctions under which the defendant is unaware of the precise extent of his punishment for significant periods of time, or even for life, yet these sanctions have not been considered to be violative of the Clause. Thus, there is no double jeopardy protection against revocation of probation and the imposition of imprisonment.

*United States v. DiFrancesco,* 449 U.S. 117, 137, 101 S.Ct. 426, 437, 66 L.Ed.2d 328 (1980). Therefore, Kaletch's double jeopardy rights were not violated by his probation revocation, and this claim lacks merit.

## B. GRADUATED SANCTIONS

Kaletch next contends the circuit court abused its discretion when it failed to consider graduated sanctions as required by KRS 439.3106 and KRS 439.3107. Kentucky Revised Statute 439.3106 states:

> Supervised individuals shall be subject to:
>
> (1) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
>
> (2) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

The other statute cited by Kaletch, KRS 439.3107, provides:

> (1) The department shall, by January 1, 2012, adopt a system of graduated sanctions for violations of conditions of community supervision. Notwithstanding KRS Chapter 533, the system shall set forth a menu of presumptive sanctions for the most common types of supervision violations, including but not limited to: failure to report; failure to pay fines, fees, and victim restitution; failure to participate in a required program or service; failure to complete community service; violation of a protective or no contact order; and failure to refrain from the use of alcohol or controlled substances. The system of sanctions shall take into account factors such as the severity of the current violation, the supervised individual's previous criminal record, the number and

severity of any previous supervision violations, the supervised individual's assessed risk level, and the extent to which graduated sanctions were imposed for previous violations. The system also shall define positive reinforcements that supervised individuals may receive for compliance with conditions of supervision.

(2) The department shall establish by administrative regulation an administrative process to review and approve or reject, prior to imposition, graduated sanctions that deviate from those prescribed.

(3) The department shall establish by administrative regulation an administrative process to review graduated sanctions contested by supervised individuals under KRS 439.3108.

■ Kaletch argues that the Commonwealth failed to produce evidence showing that he was a threat to the community and, therefore, that he was not entitled to graduated sanctions. We first note that Kaletch's argument regarding KRS 439.3107 is misplaced. That statute, which we quoted above, sets forth actions the "department," i.e., the Department of Corrections, is required to take in developing regulations pertaining to graduated sanctions. Thus, the statute is inapplicable to the present case. See KRS 446.080(4) (stating in pertinent part that "[a]ll words and phrases shall be construed according to the common and approved usage of language"). Consequently, Kaletch's assertion regarding KRS 439.3107 lacks merit.

■ As for Kaletch's claim under KRS 439.3106, the Commonwealth contends that it is unpreserved. Upon our review of the record before us and the video recording of the probation revocation hearing, it is apparent that the Commonwealth is correct, and Kaletch did not raise his claim

under KRS 439.3106 in the circuit court. Therefore, this claim is not preserved for review on appeal. *See Kennedy v. Commonwealth,* 544 S.W.2d 219, 222 (Ky.1976) ("The appellants will not be permitted to feed one can of worms to the trial judge and another to the appellate court."). Consequently, we may only review this claim for palpable error pursuant to RCr[4] 10.26, which provides:

A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

■ Kaletch contends the Commonwealth failed to show that he was a threat to the community as set forth in KRS 439.3106(1) and, therefore, the Commonwealth failed to show that he was not entitled to graduated sanctions. The Commonwealth presented testimonial evidence that Kaletch had been a cocaine addict for twenty years, that he had been through four treatment programs, and that he had exhausted the treatment options. "The statutory language of KRS 439.3106 does not require the court to make specific findings of fact." *Southwood v. Commonwealth,* 372 S.W.3d 882, 884 (Ky.App.2012). Given the facts surrounding this case, Kaletch has not shown that the circuit court committed palpable error in revoking his probation under KRS 439.3106.

Accordingly, the order of the McCracken Circuit Court is affirmed.

ALL CONCUR.

4. Kentucky Rule of Criminal Procedure.