RENDERED:  DECEMBER 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1630-MR

CARLOS L. MOORE                                                     APPELLANT

v.

APPEAL FROM KENTON CIRCUIT COURT
HONORABLE GREGORY M. BARTLETT, JUDGE
ACTION NO. 16-CR-00834

COMMONWEALTH OF KENTUCKY                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND MAZE, JUDGES.

ACREE, JUDGE:  Carlos L. Moore appeals the Kenton Circuit Court's December 8, 2020 amended order revoking his probation.  He contends the order was entered erroneously because he does not pose a threat to the community at large by merely being a convicted felon in possession of a firearm.  Finding no error, we affirm.

## BACKGROUND

In 2017, the circuit court issued a final judgment sentencing Moore to ten-years' imprisonment for assault and criminal mischief, probated for a period of five years. A year later, while on probation, Moore was arrested. The circumstances surrounding his arrest involved a domestic disturbance call. An officer received information there were three individuals present during a domestic disturbance – Moore being one of them. Moore left the residence in a silver automobile. The officer observed a vehicle fitting the description in the immediate vicinity of the residence and initiated a stop. Moore admitted to being at the residence and consented to a search of his vehicle. During the search, a gun was recovered resulting in Moore being charged with carrying a concealed deadly weapon and possession of a firearm by a convicted felon. Subsequently, the Commonwealth moved to revoke his probation.

Later that year, a jury trial was held, and Moore was convicted on the handgun charge. Final judgment was entered in 2019 and Moore was sentenced to seven years in the penitentiary. The circuit court also issued an order revoking Moore's probation.

Ultimately, Moore appealed his conviction for the handgun charge and the order revoking probation, which were consolidated for appellate purposes. Another panel of this Court affirmed his conviction but vacated the order revoking

Moore's probation directing the circuit court to conduct a revocation hearing and make express findings under KRS[1] 439.3106. *See Moore v. Commonwealth*, Nos. 2019-CA-000253-MR and 2019-CA-000288-MR, 2020 WL 4512552 (Ky. App. Jul. 10, 2020).

On remand, the circuit court held a hearing and reviewed Moore's lengthy criminal history, which included second-degree assault, possession of a handgun by a convicted felon, and numerous misdemeanor convictions. Accordingly, the circuit court found Moore presented a serious threat to the community and could not be appropriately managed in the community because he was a convicted felon, carrying a gun, with a lengthy criminal history. Therefore, the circuit court revoked his probation.

This appeal followed.

## STANDARD OF REVIEW

We review a trial court's decision to revoke probation for an abuse of discretion. *See Southwood v. Commonwealth*, 372 S.W.3d 882, 884 (Ky. App. 2012). The trial court abuses its discretion only when its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (citing *Clark v. Commonwealth*, 223 S.W.3d 90, 95 (Ky. 2007)). Put another way, we will not hold that a trial court abused its discretion unless its decision cannot be located

---

[1] Kentucky Revised Statutes.

within the range of permissible decisions allowed by a correct application of the facts to the law. *Miller v. Eldridge*, 146 S.W.3d 909, 915 n.11 (Ky. 2004).

## ANALYSIS

KRS 439.3106(1) states that defendants on probation shall be subject to:

> (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
>
> (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

On appeal, Moore alleges the circuit court erred by failing to explain how he posed a significant risk to the community.

The issue of proper revocation was addressed by the Kentucky Supreme Court for the first time in *Commonwealth v. Andrews*, 448 S.W.3d 773 (Ky. 2014). In *Andrews*, the Supreme Court held that KRS 439.3106 required trial courts "to consider whether a probationer's failure to abide by a condition of supervision constitute[d] a significant risk to prior victims or the community at large, and whether the probationer cannot be managed in the community[.]" *Id.* at

-4-

780. These findings "allow[ ] the trial court to conclude with some certainty that the imposition of some other accountability measure would be fruitless[.]" *Id.* at 779. However, the Supreme Court stated that "[w]hile HB 463[2] reflects a new emphasis in imposing and managing probation, it does not upend the trial court's discretion in matters of probation revocation, provided that discretion is exercised consistent with statutory criteria." *Id.* at 780.

Moore claims he posed no risk to anyone in the community by being in possession of a firearm. However, "our reading of KRS 439.3106(1) refutes this. Though the statute clearly requires entry of a finding of 'significant risk,' surely it cannot be further read to require a probationer to commit some heinous act before he can be found to be a risk to someone other than himself." *McClure v. Commonwealth*, 457 S.W.3d 728, 733 (Ky. App. 2015). "We sincerely doubt the General Assembly intended to set so high, and potentially injurious, an evidentiary burden." *Id.*

Moore argues that if his possession of a handgun makes him a significant risk to the community, "then it made all kinds of court participants significant risks to the community, including bailiffs, police officers, and probation officers." (Appellant's brief, pp. 4-5.) Moore misses the point by comparing himself to these individuals. A person in lawful possession of a handgun does not,

---

[2] 2011 Kentucky Laws Ch.2 HB 463.

without more, pose an unmanageable threat to the community. It is quite a different matter when a person previously convicted of violent criminal conduct is granted the privilege of returning to society on his promise of good behavior, only to knowingly violate a condition of that privilege by unlawfully acquiring, carrying, and concealing a firearm. All in all, given Moore's proven proclivity for violence – the reason for the handgun prohibition in the first place – and his decision to violate his probation by arming himself, we cannot say that the circuit court has committed reversible error by revoking Moore's probation. His possession of a handgun, in and of itself, was a class C felony. KRS 527.040. The circuit court did not need to wait to revoke probation until he used the handgun in the commission of another crime. *McClure*, 457 S.W.3d 733.

The statute requires a trial court to consider "whether a probationer's failure to abide by a condition . . . consitutes a significant risk to prior victims or the community at large." *Andrews*, 448 S.W.3d at 780. Neither KRS 439.3106 nor *Andrews* requires anything more than such a finding supported by the evidence of record. The circuit court complied with this requirement.

## **CONCLUSION**

Based on the foregoing, the Kenton Circuit Court's December 8, 2020 amended order revoking probation is affirmed.

ALL CONCUR.

-6-

BRIEFS FOR APPELLANT:

Steven J. Buck
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky