RENDERED: JUNE 26, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0707-MR

SANFORD D. RICE          APPELLANT

v.          APPEAL FROM CUMBERLAND CIRCUIT COURT
HONORABLE DAVID WILLIAMS, JUDGE
ACTION NO. 18-CR-00042

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, EASTON, AND KAREM, JUDGES.

EASTON, JUDGE: Appellant (Rice) asks us to reverse the revocation of his shock probation by the Cumberland Circuit Court. The sole basis for this request is Rice's argument that the circuit court did not make sufficient findings required by KRS[1] 439.3106(1)(a). Finding no error by the circuit court, we affirm.

---

[1] Kentucky Revised Statutes.

**FACTUAL AND PROCEDURAL BACKGROUND**

After a traffic stop in 2018, Rice was indicted for felony charges of trafficking methamphetamine and tampering with evidence. The Commonwealth agreed to reduce the trafficking charge to possession. The circuit court then imposed an agreed-upon sentence of eight years with probation.

One month into his probation, a social media post showed Rice holding a gun to his head. Rice admitted he did this on Thanksgiving Day 2018. The parties addressed this violation with the circuit court in February 2019. One of the attorneys described Rice's behavior as a "lark,"[2] and the circuit court took no action on the violation. In June 2019, Rice committed disorderly conduct, and no action was taken on this violation.

Then after another traffic stop in May 2020, Rice was arrested again for trafficking in methamphetamine and tampering with evidence. An additional charge of impersonating an officer resulted from the discovery of a badge of an officer with the Tennessee Department of Corrections in Rice's possession. The circuit court revoked Rice's probation in October 2020. Although Rice criticizes this decision also, there was no timely appeal of that revocation decision.

---

[2] In American English, a lark is defined as "a merry, carefree adventure; frolic; escapade" or as an "innocent or good-natured mischief; a prank." *Lark*, COLLINS DICTIONARY https://www.collinsdictionary.com/dictionary/lark (last visited Jun. 3, 2026). A felon with a history of drug trafficking having a handgun and mimicking suicide is not a lark.

The circuit court granted shock probation in May 2021. After yet another traffic stop in December 2024, Rice was again arrested for trafficking in methamphetamine and tampering with evidence. The circuit court conducted a hearing to address revocation in February 2025. The primary evidence at this hearing was the testimony of the arresting officer, Kentucky State Trooper, Joseph Pineiroa.

Pineiroa stopped the car being driven by Rice in Elizabethtown because the rear license plate was not illuminated. The female passenger was acting very nervous with rapid speech and trouble standing still. She initially got out of the car without permission and had to be told to get back in the car. Pineiroa called for a canine unit when Rice refused consent to search.

Eventually, Pineiroa found two marijuana "blunts," a "large quantity" of plastic bags, a digital scale, pipes, and a large knife near the driver's seat. During the interaction, a bag of marijuana and two bags of methamphetamine were discovered on Rice along with a cut straw. The bag of marijuana and one bag of methamphetamine fell off Rice during the arrest process. Another bag of methamphetamine was not discovered until Rice admitted to having it on him just before jail processing. The total methamphetamine quantity was eighteen grams.

The prosecutor argued that Rice had been shown leniency enough and that it was simply unacceptable for him to have 18 grams of methamphetamine

while on shock probation. Seeing the obviousness and seriousness of the violation, Rice's attorney did not argue that a violation had not been established[3] but rather simply said: "I would just ask for leniency." The Court revoked the shock probation and entered a standard order for that purpose. This appeal follows. The briefs filed by the parties are sufficiently compliant with the Kentucky Rules of Appellate Procedure (RAP) not to require comment.

## STANDARD OF REVIEW

A decision by the circuit court to revoke probation is reviewed for abuse of discretion. *See Southwood v. Commonwealth*, 372 S.W.3d 882, 884 (Ky. App. 2012). An abuse of discretion occurs only when the decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id*. (citations omitted). "Generally, a trial court's decision revoking probation is not an abuse of discretion if there is evidence to support at least one probation violation." *Lucas v. Commonwealth*, 258 S.W.3d 806, 807-08 (Ky. App. 2008). As for sufficient compliance with KRS 439.3106(1)(a), this presents a legal question, and legal

---

[3] Because probation revocation requires proof only by a preponderance of the evidence, the subsequent outcome of a pending criminal charge which has served as a probation violation is largely irrelevant. Even so, we have the benefit of the subsequent proceedings in the Hardin Circuit Court of which we may take judicial notice. *T.C. v. M.E.*, 603 S.W.3d 663, 667 n.6 (Ky. App. 2020). Rice was again given yet another break after the December 2024 arrest when he entered an unconditional guilty plea to trafficking in *less* than two grams of methamphetamine and received a three-year sentence. *Commonwealth v. Rice*, Hardin Circuit Court, Case No. 25-CR-00130 (Judgment entered October 28, 2025).

-4-

questions are reviewed *de novo*. *Vincent v. Commonwealth*, 706 S.W.3d 94, 99 (Ky. 2024).

## ANALYSIS

KRS 439.3106 provides:

(1) Supervised individuals shall be subject to:

(a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community[.]

A circuit court must make the two findings required by this statute to revoke probation. It may do so orally or in writing. *Commonwealth v. Andrews*, 448 S.W.3d 773 (Ky. 2014). The circuit court here entered a written order which included a finding of a probation violation and the further findings that Rice's "failure to comply with the terms of probation constitutes a significant risk to his or her prior victims or community at large and that the probationer cannot be appropriately managed in the community[.]" The circuit court also noted no other alternative to imposing the sentence.

We have observed that circuit judges sometimes offer further explanation to support these findings, but this is not necessary. Since *Andrews*, this Court has consistently held that "[n]either KRS 439.3106 nor *Andrews* require

anything more than a finding to this effect supported by the evidence of record." *McClure v. Commonwealth*, 457 S.W.3d 728, 733 (Ky. App. 2015). "[A] court is only required to make the statutory findings, not explain them." *Kendrick v. Commonwealth*, 664 S.W.3d 731, 734 (Ky. App. 2023) (citing *New v. Commonwealth*, 598 S.W.3d 88 (Ky. App. 2019)).

Rice cites *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015) for the proposition that the trial court cannot simply parrot the statutory language. As far as it goes, that is correct, but it takes *Helms* out of context. The problem in *Helms* was application of a zero-tolerance or hammer clause policy of automatically revoking probation for any drug use. The record in that case showed no support for the required statutory findings. Yet the Court in *Helms* followed the established rule that there must only be "proof in the record" to support the findings. *Id*.

Unlike in *Helms*, the record in this case contains plenty of evidence of multiple violations over the term of both probation and shock probation. In any case of probation violation, the trial court judge has the benefit of the record to evaluate whether the history supports any chance of success if leniency is again shown. As the Court in *Andrews* commented "past history" is part of the equation. *Andrews*, 448 S.W.3d at 780.

**CONCLUSION**

The circuit court made the required statutory findings to justify revocation of Rice's probation. These findings were supported by the evidence of record. The Cumberland Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jennifer Wade
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky