**Michael BRANN, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee**

**NO. 2012–CA–001656–MR**

Court of Appeals of Kentucky.

RENDERED: AUGUST 21, 2015; 10:00 A.M.

BRIEF FOR APPELLANT: Jason A. Hart, Assistant Public Advocate, Frankfort, Kentucky.

BRIEF FOR APPELLEE: Jack Conway, Attorney General of Kentucky, John Paul Varo, Assistant Attorney General, Frankfort, Kentucky.

BEFORE: KRAMER, J. LAMBERT, AND STUMBO, JUDGES.

## OPINION

LAMBERT, J., JUDGE:

This case is again before this Court upon remand from the Supreme Court of Kentucky for further consideration in light of its decision in *Commonwealth v. Andrews*, 448 S.W.3d 773 (Ky.2014). Initially this Court vacated and remanded the case for further consideration by the trial court of the applicability of Kentucky Revised Statutes (KRS) 439.3106. However, the Supreme Court granted discretionary review and in the meantime rendered *Andrews, supra.* After reviewing *Andrews,* we again vacate and remand for the trial court's consideration under KRS 439.3106.

In December 2009, Brann was indicted by a Graves County Grand Jury for theft by unlawful taking over $500.00. The charge stemmed from Brann stealing deposits from a Burger King restaurant in Mayfield, Kentucky, totaling approximately $7,500.00. In February 2010, Brann pleaded guilty in reliance on an offer of pretrial diversion from the Commonwealth. The trial court approved the plea agreement and placed Brann on pretrial diversion conditioned on him making monthly restitution payments.

Within several months, the Commonwealth moved to revoke Brann's diversion for failure to make his required restitution payments. The trial court did not initially revoke Brann's diversion, but ultimately it did revoke it in November 2011, based on Brann's continued failure to make restitution payments. The trial court sentenced Brann to five years' imprisonment.

In July 2012, the trial court entered an order granting Brann's motion for shock probation and placed Brann on supervised probation for a period of five years. The trial court also imposed a number of conditions, which included, among others, that Brann make restitution payments, that he "be evaluated for alcohol and substance abuse and … comply with any treatment or aftercare as recommended;" and that he "comply with … other terms and conditions as required by Probation and Parole."

Shortly after Brann's release, a violation of supervision report was submitted, which alleged that he had violated the conditions of his probation. Specifically, that report indicated that Brann had failed to attend substance abuse treatment sessions, failed to report to his probation officer, and falsified a releasee's report. The recommended sanction was revocation of probation.

On July 30, 2012, a revocation hearing was held at which Probation Officer Bradley Fooshee and Brann testified. Officer Fooshee testified that Brann's supervision began on June 13, 2012, and that he had reported to the probation office on several occasions. However, consistently with the supervision report, Officer Fooshee testified that Brann had violated the conditions of probation by missing a meeting with a social services clinician after having been told to report the previous day; by missing a report date with him; and by falsifying a releasee report by providing a nonworking phone number. Officer Fooshee also testified that Brann had failed to pay any restitution.

In response, Brann testified that the meeting with the social services clinician "must have slipped [his] mind." He further stated that he missed the meeting with Officer Fooshee because he got his dates mixed up. Brann testified that he was not trying to avoid supervision and that he had initially reported to the probation office several times when Officer Fooshee was not there. Finally, he testi-

fied that the phone number he listed on the releasee report was a valid number and produced phone records in support of his claim.

Following the testimony, Brann's counsel argued that the Commonwealth had failed to establish that Brann could not be safely supervised in the community. The Commonwealth responded that revocation was appropriate, indicating that there had been a number of violations in a short period of time. At the conclusion of the hearing, the trial court revoked Brann's probation and imposed a five-year sentence. In making its decision, the court noted that it had considered Brann's past history and the fact that the violations had occurred so soon after Brann's release and concluded that there was little chance for success in the future. A revocation order was subsequently entered in which the court found that Brann had violated the conditions of probation as follows: 1) failure to attend treatment for substance abuse; 2) falsifying a police report; and 3) failure to report to probation officer. This appeal now follows.

On appeal, Brann argues that the trial court abused its discretion in revoking his probation in light of recently enacted Kentucky Revised Statutes (KRS) 439.3106 and that the trial court's findings were insufficient and amounted to a violation of his constitutional due process rights.

A trial court's authority to grant and revoke probation is set forth in KRS Chapter 533. Under that chapter, a trial court may place a defendant on probation and impose certain terms and conditions. *See* KRS 533.020; KRS 533.030. If the defendant commits an additional offense or violates a condition of probation, the court may "revoke the sentence at any time prior to the expiration or termination of the period of probation." KRS 533.020(1).

Kentucky case law has long recognized that probation revocation hearings rest within the trial court's discretionary powers "both in respect to initiation of a hearing and the disposition thereof." *Ridley v. Commonwealth,* 287 S.W.2d 156, 158 (Ky.1956). As such, an appellate court reviews a trial court's decision to revoke probation for an abuse of discretion. *Lucas v. Commonwealth,* 258 S.W.3d 806, 807 (Ky.App.2008). A trial court abuses its discretion if its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999). Furthermore, a trial court's decision to revoke probation is generally "not an abuse of discretion if there is evidence to support at least one probation violation." *Lucas,* 258 S.W.3d at 807–08 (internal citation omitted).

Brann first argues that the trial court's revocation was improper under KRS 439.3016. Brann does not dispute that he violated the conditions of his probation, but claims the violations were an insufficient basis to revoke under the statute. The Commonwealth argues, however, that the revocation was a proper exercise of the trial court's discretion and that KRS 439.3106 does not limit a court's authority to revoke probation, and even if it does, Brann's revocation conformed to the KRS 439.3106 standard.

KRS 439.3106 was enacted as part of the 2011 Corrections Reform Bill HB 463 and went into effect on June 8, 2011. The statute provides as follows:

Supervised individuals shall be subject to:

(1) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at

large, and cannot be appropriately managed in the community; or

(2) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

In *Andrews, supra,* just as here, the Commonwealth argued that KRS 439.3106 is *not* directed to trial courts and should not be viewed as limiting a court's authority to revoke probation. However, the Court specifically rejected this contention, reasoning:

> Without question, the power to revoke probation is vested in the trial courts and in the trial courts alone. KRS 533.010 et seq. Historically, our statutes have reflected the trial court's broad discretion in overseeing a defendant's probation, including any decision to revoke: "... [c]onditions of probation shall be imposed as provided in KRS 533.030, but the court may modify or enlarge the conditions or, if the defendant commits an additional offense or violates a condition, revoke the sentence at any time prior to the expiration or termination of the period of probation." KRS 533.020(1). Whether KRS 439.3106 sets forth new criteria that trial courts must consider when determining the propriety of probation revocation is in essence a matter of statutory construction. As often noted, construing statutes requires us "to give effect to the intent of the General Assembly. We derive that intent, if at all possible, from the language the General Assembly chose, either as defined by the General Assembly or as generally understood in the context of the matter under consideration." *Shawnee Telecom Resources,*

*Inc. v. Brown,* 354 S.W.3d 542, 551 (Ky. 2011).

Turning to KRS 439.3106, it is apparent that, although somewhat awkwardly worded, the statute sets forth the potential consequences following a probation violation. If a supervised individual violates the terms of probation, there are two possible outcomes: revocation and possible incarceration, KRS 439.3106(1), or the imposition of sanctions "other than revocation," KRS 439.3106(2). More specifically, KRS 439.3106(1) requires as conditions precedent to revocation that the probationer's failure to comply with the terms of probation constitutes "a significant risk to [his] prior victims ... or the community at large," and that the probationer "cannot be appropriately managed in the community." There is no qualification in the language that marks these conditions as intended only for consideration by the DOC's probation and parole officers. Indeed, the plain language of the statute lends itself to only one conclusion—both the trial court and the Department of Corrections' officers must assess a probationer's conduct in light of KRS 439.3106 and proceed in accordance with the statute. This interpretation of KRS 439.3106(1) as requiring trial courts in revocation proceedings to consider specifically the risks to others, appropriate management of the probationer in the community, and the feasibility of lesser sanctions is underscored by other provisions of the chapter, as well as the associated administrative regulations, specifically those concerning the imposition of sanctions other than revocation and incarceration. When setting the conditions of supervision, a sentencing court may require the DOC to impose accountability measures known as graduated sanctions for violations of the conditions of supervision:

For supervised individuals on probation, the court having jurisdiction of the case shall determine the conditions of community supervision and may impose as a condition of community supervision that the department supervising the individual shall, in accordance with KRS 439.3108, impose graduated sanctions adopted by the department for violations of the conditions of community supervision.

*Id.* at 777–78.

In the instant case, the trial court did not articulate that it had considered KRS 439.3106 in its order revoking Brann's probation. Thus, we vacate the Graves Circuit Court's order revoking Brann's probation and remand for consideration under KRS 439.3106 in light of the Supreme Court of Kentucky's opinion in *Andrews.*

ALL CONCUR.