RENDERED: APRIL 8, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0676-MR

ROBERT RAY PERRY                                     APPELLANT

                        APPEAL FROM JEFFERSON CIRCUIT COURT
v.               HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
                             ACTION NO. 19-CR-001964

COMMONWEALTH OF KENTUCKY                       APPELLEE

OPINION
REVERSING
AND REMANDING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND McNEILL, JUDGES.

MAZE, JUDGE: Appellant Robert Ray Perry (Perry) appeals from an order of the Jefferson Circuit Court, revoking his probation. Having reviewed the record and the relevant law in this case, we conclude that the trial court's order revoking Perry's probation must be reversed and remanded due to a lack of essential findings.

Perry was indicted by a Jefferson County grand jury on charges of criminal attempt murder and assault in the first degree. On November 15, 2019, the trial court accepted Perry's plea of guilty to the amended charge of assault in the first degree under extreme emotional disturbance. The remaining charge of criminal attempt murder was dismissed without prejudice.

Following a formal sentencing hearing on January 7, 2020, the trial court entered its judgment of conviction and sentence order granting probation. Perry was sentenced to five years probated pursuant to several conditions, including compliance with all conditions imposed by the Department of Corrections and Probation and Parole. However, on April 2, 2021, a report was generated by Probation and Parole, stating that Perry had absconded from supervision by failing to report for a period of some three months. Perry stipulated to the violation, and a telephonic revocation hearing was held on May 10, 2021. Perry waived the taking of testimony and the matter proceeded with arguments of counsel only.

The trial court then concluded on the record:

> Here's the problem, we, we, did go out on a limb and it doesn't really matter whether the Commonwealth did or not because they're not the ones that have the ultimate responsibility, uh, for making the decision and they're not the ones that the public comes to when something goes horribly wrong.

In this case, this was a horrible incident, and it was a serious injury. It a [sic] shooting. It wasn't contemporaneous with the, the event so there, there wasn't a defense of others that would fly. And based on Mr. Perry's lack of record and based on his age and based on the circumstances, you know, the Court took the chance, and my problem is, did he get arrested on something new? No. Do I know what his behavior was during the course of this time? No. Do I know where he was? No. Was there accountability on his part? No. Um, you know, I get the fact that maybe for a period of time he lost his telephone. He knew where probation and parole was. And quite honestly, if I thought I was going to prison if I didn't call, I'd be beating on the door. There's no record of him calling and you know, so frankly, I don't know whether he did or not, but everything says he did not.

So, can I find that he's a danger? He was dangerous when he committed this, and I don't know what he's been doing since. I don't know where he's been and it's never easier to report than it is now. I mean, I cannot believe that Mr. Perry is so isolated that there is not a human being that he's aware of that has a telephone who wouldn't have allowed him to make a two-minute phone call when he needed to and that didn't happen. And for somebody as old as he is, he is incredibly immature about this, but that immaturity led to what happened once before and you know I, Mr. Drabenstadt was around, Ms. Jackson was not, when Judge Tommy Knopf was here. He always had this saying, "I'm incredibly liberal on the front end, granting probation, but you have a real responsibility when I do that, to live up to it. And if you don't, um, then I'm not so liberal on the back end."

And in this case, I have a violent offense that was committed, somebody who was given a substantially reduced sentence, and a lot of trust was placed in him and he violated that trust at a time when it's never been

easierto keep in contact. So, for all those reasons, I find that right now, he is not appropriate to remain on probation. He is to report to jail tomorrow morning, at 9 o'clock.

In its written order, entered that same date, the trial court merely stated that Perry's probation was revoked, and he was sentenced to serve five years. Perry now appeals from that order.

As an initial matter, the Court must address the Commonwealth's argument that the fact that Perry was granted shock probation since the filing of this appeal renders the issues presented moot. This precise issue was the subject under consideration in *Bowlin v. Commonwealth*, 357 S.W.3d 561 (Ky. App. 2012). In that case, Bowlin's conditional discharge had been revoked based upon failure to remain current on his child support obligation. He appealed the revocation, arguing that the circuit court erred in so doing because the Commonwealth had not shown that his failure to pay was willful and because the court had failed to consider alternatives to incarceration. However, within months of the revocation, Bowlin was granted shock probation.

The Court concluded that Bowlin's appeal was not moot for two reasons. First, the Commonwealth could still move to revoke his shock probation based on failure to pay child support. Second, even if the Court had determined that the appeal was moot, the case would have fallen squarely within the exception set forth in *A.C. v. Commonwealth*, 314 S.W.3d 319, 327 (Ky. App. 2010) (quoting

-4-

*Philpot v. Patton*, 837 S.W.2d 491, 493 (Ky. 1992)), because the issues were "capable of repetition, yet evading review." Thus, as Perry could clearly be subject to having his shock probation revoked based on failure to report, this Court will proceed with a discussion of the merits of this appeal, the trial court's alleged failure to make statutory findings.

As stated in *Blankenship v. Commonwealth*, 494 S.W.3d 506, 508 (Ky. App. 2016):

> The appellate standard of review of a decision to revoke a defendant's probation is whether the trial court abused its discretion. *Lucas v. Commonwealth*, 258 S.W.3d 806, 807 (Ky. App. 2008). To amount to an abuse of discretion, the trial court's decision must be "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Clark v. Commonwealth*, 223 S.W.3d 90, 95 (Ky. 2007), quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). And an appellate court will not hold a trial court to have abused its discretion unless its decision cannot be located within the range of permissible decisions allowed by a correct application of the facts to the law. *Miller v. Eldridge*, 146 S.W.3d 909, 915 (Ky. 2004).

KRS[1] 439.3106(1) provides that defendants on probation shall be subject to:

> (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised

---

[1] Kentucky Revised Statutes.

individual or the community at large, and cannot be appropriately managed in the community; or

(b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

In *Commonwealth v. Andrews*, 448 S.W.3d 773 (Ky. 2014), the Court addressed the necessity for a trial court's findings with regard to revocation proceedings. The Court concluded that, "[b]y requiring trial courts to determine that a probationer is a danger to prior victims or the community at large and that he/she cannot be appropriately managed in the community before revoking probation, the legislature furthers the objectives of the graduated sanctions schema to ensure that probationers are not being incarcerated for minor probation violations." *Id*. at 779.

In Andrews's case, the trial court, although doubting the applicability of the statute, *did* make the required findings on the record. The Court found that the trial court did not abuse its discretion since it considered multiple factors, including the statutory criteria. The Court held that, "although Andrews's situation was not clear-cut and another judge may have opted for a lesser sanction, the trial court's decision to revoke Andrews's probation was neither arbitrary nor unreasonable. The trial court acted within its discretion in revoking Andrews's

probation under KRS 439.3106(1), and that decision will stand." *Id*. at 781.  As expected, the Court's ruling in *Andrews* resulted in a flurry of appellate litigation. *See, e.g.*, *Brann v. Commonwealth*, 469 S.W.3d 429 (Ky. App. 2015).

In *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015), the Court cautioned that, "[i]f the penal reforms brought about by HB 463 are to mean anything, perfunctorily reciting the statutory language in KRS 439.3106 is not enough.  There must be proof in the record established by a preponderance of the evidence that a defendant violated the terms of his release."  In *McClure v. Commonwealth*, 457 S.W.3d 728, 733 (Ky. App. 2015), the Court recognized that there was substantial support in the trial court record for its finding that "a person who would go to such lengths to continue using a substance he was forbidden to use under penalty of five years in prison posed a significant risk to, and was unmanageable within, the community in which he lived."  Nevertheless, it remanded the matter to the trial court to make "**express** findings as to both elements of KRS 439.3106(1)." *Id*. at 734 (emphasis added).  *See also Blankenship*, 494 S.W.3d at 509 ("[T]rial courts must consider and make findings – oral or written – comporting with KRS 439.3106(1)."); *Lainhart v. Commonwealth*, 534 S.W.3d 234, 238 (Ky. App. 2017) ("A requirement that the court make these express findings on the record not only helps ensure reviewability

of the court decision, but it also helps ensure that the court's decision was reliable.").

In this case, the record reflects that Perry's counsel made a partial recitation to the trial court of the elements that it would have to find in order to revoke his probation. Nevertheless, the court failed to make oral or written findings that Perry's failure to report to his probation officer presented a "significant risk" to the shooting victim or to "the community at large," or that he was unmanageable in the community. Indeed, the closest that the court came to making a finding as to the risk posed by Perry's failure to report was the statement that he was dangerous *at the time he committed the offense*.

The trial court focused on the nature of the offense, calling it a "horrible incident" and "a serious injury." At the original sentencing hearing held on January 7, 2020, the court recognized that the shooting occurred contemporaneously with Perry's observation of abuse inflicted upon his female friend by the shooting victim. However, at the time of the revocation hearing, the court found that the events were *not* contemporaneous. The trial court also considered the breach of trust inflicted by Perry when he failed to comply with the conditions of his probation. The trial court failed to make any finding whatsoever as to whether Perry was unmanageable in the community. This is simply not the type of prospective consideration required by the statute. Indeed, in *Walker v.*

*Commonwealth*, 588 S.W.3d 453, 459 (Ky. App. 2019), the Court found that the trial court's failure to make the statutorily required findings, either orally or in writing, warranted reversal "under **either** an abuse of discretion or palpable error standard of review . . . ." (Emphasis added.) *See also Compise v. Commonwealth*, 597 S.W.3d 175 (Ky. App. 2020).

Such failure to make findings forces the reviewing Court to attempt to discern the trial court's basis for its decision from its comments on the record. Findings are therefore essential for purposes of ensuring reviewability. *Lainhart*, 534 S.W.3d at 238. Thus, we conclude that the trial court's failure to make the findings of fact required by KRS 439.3106(1) constitutes an abuse of discretion.

Accordingly, we reverse the trial court's order revoking probation and remand the matter for entry of "express" findings as to whether Perry's failure to comply with the conditions of his probation constitutes a "significant risk" to "prior victims" or the "community at large," and whether he can be "appropriately managed in the community."

ALL CONCUR.

BRIEFS FOR APPELLANT:

Christopher B. Thurman
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky